SYUFY ENTERPRISES,
Petitioner–Appellant,

v.

NORTHERN CALIFORNIA STATE AS-
SOCIATION OF IATSE LOCALS and
Local Union #241, Respondents–Appel-
lees.

No. 78–3010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1980.

Decided Oct. 23, 1980.

Samuel L. Holmes, Angell, Adams & Holmes, San Francisco, Cal., for petitioner–appellant.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for respondents–appellees.

Before CHOY and FARRIS, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Syufy appeals the District Court's confirmation of the Labor–Management Agreement award. We note jurisdiction and affirm.

In 1976, the collective bargaining agreement between the parties expired. During negotiations for a new agreement, an issue arose whether the Cine 21 theater and the Vallejo Auto Movies, two theaters that had been leased by Syufy to David Norwitt in April 1976, were to be covered by the new agreement. The parties were unable to resolve the question and, therefore, excluded the theaters from the list of theaters covered by the agreement and agreed to resolve the dispute through "litigation."

After a wage dispute arose at the two unlisted theaters, the Union claimed that the theaters were subject to the agreement, filed a grievance, and pursuant to the arbitration clause of the agreement, demanded arbitration. Syufy challenged the jurisdiction of the arbitrator on the ground that the theaters were not subject to the agreement, but *agreed to have the issue decided by the arbitrator.* The arbitrator ruled that the two theaters were subject to the agreement and ordered Syufy to make the employees whole for any losses.

Suyfy filed a petition in California Superior Court to vacate the award on the ground that the theaters were not subject to the agreement. The Union removed the

case to the District Court and filed a cross–petition to confirm the award. On cross–motions for summary judgment, the District Court confirmed the award.

The appeal presents two issues:

1. Did the arbitrator have jurisdiction to enter the order?

2. Was the arbitrator's decision drawn from the essence of the contract?

Discussion:

Issue 1.

Arbitration is a matter of contract. Since the parties stipulated that the arbitrator could decide whether the two theaters were covered by the agreement, Syufy cannot contend that the arbitrator lacked jurisdiction to decide the issue. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *International Brotherhood of Teamsters v. Washington Employers, Inc.,* 557 F.2d 1345, 1349 (9th Cir.1977). Syufy's argument that because the two theaters were not listed in the agreement the arbitrator lacked jurisdiction is rejected.

Issue 2.

An arbitration award is legitimate so long as it draws its essence from the collective bargaining agreement and does not manifest an infidelity to the agreement. *Riverboat Casino, Inc. v. Local Joint Executive Board,* 578 F.2d 250, 251 (9th Cir.1978).

Syufy argues that since the agreement does not specifically cover the two subject theaters, the arbitrator's decision lacks fidelity to the agreement. The argument is rejected because it was entirely proper for the arbitrator in this case to consider the relevant bargaining history in order to decide what the parties intended.

A collective bargaining agreement is different in nature, scope, and purpose

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

from the ordinary commercial contract. Its purpose is to establish a system of industrial self–government. "It is more than a contract; it is a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate." *Warrior & Gulf Navigation Co.*, 363 U.S. at 578, 80 S.Ct. at 1350. The words in such an agreement must be understood in the context of the history of the negotiations which gave rise to their inclusion. *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 570 (1960) (Brennan, J., concurring).

■ Courts and arbitrators may rely upon extrinsic evidence to interpret various aspects of collective bargaining agreements. In *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. at 581, 582, 80 S.Ct. at 1352, for example, the court said: "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law— the practices of the industry and the shop— is equally a part of the collective bargaining agreement although not expressed in it." This Court has previously held that it is proper for courts to consider evidence of the intent of the parties, particularly bargaining history, in determining the scope of arbitration clauses. *Haig Berberian, Inc., v. Cannery Warehousemen*, 535 F.2d 496, 499 (9th Cir.1976); *Pacific Northwest Bell Telephone Co. v. Communications Workers of America*, 310 F.2d 244 (9th Cir.1962).

■ Similarly, the arbitrator may look to the negotiating history for assistance in interpreting [1] the substantive provisions of the bargaining agreement. *See, e.g., Peer-less Pressed Metal Corp. v. International Union of Electrical, Radio, and Machine Workers*, 451 F.2d 19, 21 (1st Cir.1971).

The arbitrator in this case found that with regard to the two theaters, the parties agreed that the "application of the contract . . . is in dispute, and/or subject to litigation, the outcome of which will determine this issue." The dispute centered upon the issue of whether Syufy was the employer at those theaters. It was this issue to which the arbitrator addressed himself, finding that Syufy was in fact the employer. The arbitrator concluded that Syufy was subject to the agreement; thus impliedly finding that the parties intended to subject the two theaters to the agreement if Syufy was found to be the employer.

■ We do not hold that an arbitrator may rely upon negotiating history to contradict express provisions of a collective bargaining agreement. The arbitrator in this case relied upon credible, documentary evidence of the party's intent to extend the coverage of the contract, not to contradict it.

Under these circumstances, we do not find that the arbitrator's decision lacks fidelity to the agreement. The judgment entered by the District Court on July 17, 1978, is AFFIRMED.

1. This case is distinguishable from *Boise Cascade Corp. v. United Steelworkers of America, etc.*, 588 F.2d 127, *cert. denied*, 444 U.S. 830, 100 S.Ct. 57, 62 L.Ed.2d 38 (1979). That case involved the interpretation of provisions of a contract relating to employees who were assigned to or elected to take jobs which carried lower rates of pay than their regular jobs. The arbitrator found that the provisions in question were ambiguous, and relied upon extrinsic evidence to resolve the ambiguity in favor of the union. The employer argued on appeal that the consideration of extrinsic evidence was improper because it violated the arbitration clause of the agreement, which prohibited the arbitrator from adding to, detracting from, or altering in any way any provision of the contract. The court rejected that contention, holding that where the contract provision in question was arguably ambiguous, the arbitrator's consideration of extrinsic evidence did not violate the "no additions or alterations" clause. *Boise* did not hold that a finding of ambiguity in the contract is prerequisite to the consideration of extrinsic evidence where the contract contains no provisions prohibiting "additions or alterations." The collective bargaining agreement between Syufy and the Union contained no such provisions.