**INTERNATIONAL BROTHERHOOD OF FIREMEN & OILERS, LOCAL 261, Petitioner, Appellant,**

v.

**GREAT NORTHERN PAPER CO., Respondent, Appellee.**

No. 84–1923.

United States Court of Appeals, First Circuit.

Argued March 6, 1985.

Decided June 26, 1985.

James J. MacAdam, Brunswick, Me., with whom McTeague, Higbee, Libner, Reitman & MacAdam, Brunswick, Me., was on brief for petitioner, appellant.

Paul J. Kingston, Boston, Mass., with whom Paul V. Mulkern, Jr. and Kingston & Mulkern, Boston, Mass., were on brief, for respondent, appellee.

Before COFFIN and TORRUELLA, Circuit Judges, and RE,* Judge.

TORRUELLA, Circuit Judge.

An employee of Great Northern Paper Co. (the Employer) was discharged for allegedly refusing to comply with orders given to him by his supervisor. Pursuant to an existing collective bargaining agreement between the employee's bargaining agent, International Brotherhood of Firemen & Oilers, Local 261 (the Union), and the Employer, the matter was submitted for resolution in accord with the contract's grievance procedure and finally to arbitration. After hearing evidence from both parties, including the testimony of the employee and the supervisor, the arbitrator ruled that the discharge was proper. The Union disagreed and filed suit in district court to vacate the award. The suit was dismissed

* Chief Judge, of the United States Court of International Trade, sitting by designation.

by summary judgment and this appeal ensued.

The substance of the Union's appeal is a challenge to the credibility findings of the arbitrator. In this day and age such a contention must be overwhelmingly supported, something which this appeal is not.

■ It is well settled that courts have a very limited scope of review when passing on the validity of labor arbitration awards. *See United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960); *Bettencourt v. Boston Edison Co.,* 560 F.2d 1045, 1048 (1st Cir.1977). This rule serves the legislative policy that final adjustment by a method agreed upon by the parties is the desirable method for settlement of grievances arising from the application and interpretation of collective bargaining agreements. *Bettencourt v. Boston Edison Co., supra,* 560 F.2d at 1047.

■ Although judicial deference to arbitration does not grant carte blanche approval to any decision that an arbitrator might make, *Electronics Corp. of America v. International Union of Electrical, Radio and Machine Workers, Local 272,* 492 F.2d 1255, 1257 (1st Cir.1974); *Detroit Coil Co. v. International Association of Machinists and Aerospace Workers, Lodge # 82,* 594 F.2d 575, 580–81 (6th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979) (award cannot stand when arbitrator's factual determinations unsupported by record), courts are precluded from interfering with arbitration awards for mere errors in assessing the credibility of witnesses. *NF & M Corporation v. United Steelworkers,* 524 F.2d 756, 759 (3d Cir.1975). These principles are in accord with long-established equitable doctrine with respect to arbitration of disputes generally. *See Burchell v. Marsh,* 58 U.S. (17 How.) 344, 349–50, 15 L.Ed. 96 (1854) (gross mistake, not mere error of judgment, required to intervene). Therefore, that the arbitrator made a credibility finding or reached a conclusion different from that which might have been made by a court, is not ground for interfering with

the award. *Bettencourt v. Boston Edison Co., supra,* 560 F.2d at 1050; *NF & M Corporation v. United Steelworkers, supra,* 524 F.2d at 759.

■ At the arbitration hearing the discharged employee stated that the reason for his refusal to perform the assigned tasks was fear for his safety. He claims to have told the supervisor about this safety concern. The supervisor denied ever having been told by the employee about the safety objection and testified that he had only asked the employee to clean what was an admittedly safe area of the conveyor's walkway. The supervisor's version, which was challenged by the discharged employee and another union witness, was ultimately believed by the arbitrator who, as indicated, finally decided the issue against the employee.

The arbitrator considered two factors in resolving that issue of credibility. First, he noted that the employee's safety concern had never been raised at "either the 'fact finding' session ... (or) at subsequent steps of the grievance procedure ..." Second, the arbitrator focused on the self-portrait which the supervisor's version of the incident entailed. The arbitrator noted that in his testimony the foreman depicted himself as indecisive and willing to tolerate up to six incidents of insubordination before taking effective action. He implied that it would be unlikely for the foreman to paint himself in such a poor light if it were not the truth. The arbitrator thus found that the employee's safety concern was merely a pretext and held that the refusal to perform the tasks noted above constituted disobedience justifying discharge.

The Union argues that the award should be vacated because one of the two reasons the arbitrator gave to resolve that credibility issue is not true: the allegedly erroneous conclusion that the employee's safety concern had not been raised during grievance proceedings. The arbitrator heard the testimony and is in the best position to judge credibility. This is exactly the kind of decision that is entitled to be given great

weight by an appeals court, if supported by evidence on the record. *See NF & M Corporation v. United Steelworkers, supra,* 524 F.2d at 759; *see also* F. Elkouri & E.A. Elkouri, *How Arbitration Works,* 273–75 (1973). The decision of the arbitrator in this case is clearly supported by the record.

Other arguments raised by the Union also lack merit. Accordingly, we find that the district court correctly refused to vacate the award.

*Affirmed.* Double costs to appellee.