**CONGRESO DE UNIONES INDUSTR-IALES DE PUERTO RICO, Plaintiff,**

v.

**NATIONAL PACKING COMPANY, Defendant.**

**Civ. No. 84–1748 (JAF).**

United States District Court, D. Puerto Rico.

March 17, 1986.

Nicolas Delgado Figueroa, Santurce, P.R., for plaintiff.

José A. Lebrón Tirado, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

A labor organization, Congreso de Uniones Industriales de Puerto Rico, brought an action on July 3, 1984 to vacate an arbitral award favorable to the employer, National Packing Company. Jurisdiction is based on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Both parties request summary judgment under Fed.R.Civ.P. 56 maintaining that the material facts are not in dispute and that they are entitled to a judgment as a matter of law. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2725 at 75–112 (1983).

The material facts are undisputed:

On May 21, 1982, Erasto Reyes, a mechanic with National Packing Company, suffered a work-related back injury. On May 25, 1982, he reported to the State Insurance Fund ("Fund") and received medical treatment for about eight months, until discharged on January 21, 1983. Upon being discharged, Reyes immediately reported back to his work. Because the employer noticed that Reyes was using a cane for support, he concluded that Reyes was not fit to resume his duties. Thus, the company referred him to the Fund for additional treatment. Four days later, on January 25, 1983, the Fund rejected his claim. Reyes appealed. On February 2, 1983, the Puerto Rico Industrial Commission ruled favorably that Reyes was 20% disabled and awarded $4,050 in benefits. On June 1, 1983, Reyes received a letter from the company indicating that he had been unable to perform his work as a mechanic since August 4, 1982. The employer mailed another letter on November 18, 1983. This time, Reyes was discharged effective August, 1983. Pursuant to the collective bargaining agreement, the union filed a written complaint on November 30, 1983 after having exhausted the first step of the grievance procedure. This dispute culminated with an arbitral award rendered on May 14, 1984. As stated before, the arbitral award was favorable to the employer. Attachment to docket document No. 1 (filed July 3, 1984).

The scope of judicial review is circumscribed to whether the arbitral award "draws its essence from the collective bargaining agreement." *E.g. United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This Court cannot substitute its view on the merits of the grievance for that of the arbitrator. If the arbitrator properly resolved the dispute in light of the collective bargaining agreement, this Court must enforce such award.

The union does not contest the arbitrator's finding as to the procedural arbitrability of the grievance. Turning to the merits, the arbitrator construed Article IV, Section 6 of the collective bargaining agreement, which provides: "In the case that an employee is reported to the State Insurance

Fund or is absent due to accident and/or illness his seniority right shall continue in effect without alterations of any sort up to a period of twelve (12) months." The question before the arbitrator was whether the company could dismiss Reyes after his absence for more than twelve months since the date of his accident. The arbitrator concluded that it could. The arbitrator found that Reyes was terminated on November 18, 1983, well after the seniority period of twelve months. Thus, the arbitrator decided that Reyes had lost his seniority rights under the collective bargaining agreement, justifying the company's decision. This Court finds that the award "draws its essence from the collective bargaining agreement." *United Steelworkers of America*, 363 U.S. at 597, 80 S.Ct. at 1361. The arbitrator's decision is *not* (1) unfounded in reason and fact; (2) based on palpably faulty reasoning so that no judge could conceivably have reached the same result; or (3) erroneously based on a crucial assumption that is not a fact. *Local 1445, United Food and Commercial Workers Int'l Union, AFL–CIO v. Stop & Shop Companies*, 776 F.2d 19, 21 (1st Cir. 1985).

■■■ Notwithstanding the above, the union argues that the award cannot receive judicial endorsement because it contravenes the public policy of Puerto Rico, namely the Workmen's Accident Compensation Act, 11 L.P.R.A. §§ 1, 2, 7. *See generally* R. Gorman, *Basic Text on Labor Law: Unionization and Collective Bargaining* Ch. 25 § 5 at 593–99 (1976). We are mindful that this is a remedial statute, and reasonable doubts should be resolved in favor of the employee. 11 L.P.R.A. § 2. Under section 7, if an employee (1) requests reinstatement within fifteen days from the date of his discharge by the Fund, but not after twelve months since his accident occurred, and (2) is physically and mentally capable to perform his work at the moment he solicits reinstatement, and (3) said employment is available upon his request, then the employer must reinstate him or else be subject to damages and back pay. *Union de Tronquistas v. Emery Air*

*Freight Corp.*, 596 F.Supp. 829, 833 (D.P. R.1984).

At issue are the first two requirements of section 7. The union argues that Reyes requested reinstatement on January 21, 1983, upon his discharge by the Fund, and said demand was within the statutory period of twelve months. The union thus contends that the employer's refusal to reinstate Reyes violated section 7. We disagree. Contrary to the language of section 7, the union incorrectly assumes that a discharge by the Fund necessarily means that Reyes was capable to perform his work on the date he requested reinstatement. We hold that acts or omissions by an employee or by the union subsequent to the date reinstatement is sought, are relevant and can be dispositive as to the employee's unfitness in performing his job. This standard is appropriate where the record is devoid of medical evidence pertaining to an individual's physical or mental occupational capacity. Several factors support our conclusion that Reyes was physically unfit on January 21, 1983. First, Reyes successfully appealed a decision by the Fund, obtaining $4,050 in disability benefits. We find it untenable that Reyes would claim occupational disability in the proceedings before the Industrial Commission, but at the same time contend in this action that he was *not* disabled when he reported back to work. Second it is undisputed that from January 21, 1983 through November 18, 1983 Reyes did not request reinstatement. Further, the union inexplicably waited to file a grievance late in November 1983, when it could have done so at least on June 1, 1983. These facts convince us that Reyes was disabled as of January 21, 1983 within the meaning of section 7.

Because the employer's refusal to reinstate Reyes does not violate section 7, the arbitral award does not contravene the public policy of Puerto Rico's labor and workmen's accident compensation laws. Defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED. Summary judgment as requested by the union is DENIED. We

ORDER the Clerk of the Court to enter judgment for defendant enforcing the arbitral award of May 14, 1983.

IT IS SO ORDERED.