POSADAS de PUERTO RICO ASSOCI-
ATES, INC., d/b/a Condado Plaza
Hotel and Casino, Plaintiff,

v.

ASOCIACION de EMPLEADOS de
CASINO de PUERTO RICO,
Defendant.

Civ. No. 85–1684(PG).

United States District Court,
D. Puerto Rico.

Nov. 24, 1986.

María Milagros Soto, Hato Rey, P.R., for plaintiff.

Ana Matienzo Vicens, Río Piedras, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiff, Posadas de Puerto Rico Associates, Inc. (Posadas), has brought suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against Asociación de Empleados de Casino de Puerto Rico (Union). Posadas is seeking to vacate an arbitration award for failure to draw its essence from the collective bargaining agreement and for having been issued without jurisdiction. Posadas also alleges that the arbitrator's failure to consider evidence decisive to its position constituted a violation of due process.

The Union filed a motion for summary judgment and a memorandum in support thereof. The Union denies Posada's allegations, argues that Posada's complaint is time barred and requests that the petition to vacate the arbitration award be denied.

Posadas filed a cross-motion for summary judgment and an opposition to the Union's motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

The parties agree that there is no genuine disputed issue of material fact. Upon the pleadings, documents and affidavits attached thereto, this Court reached the following:

### Findings of Fact

1. Jurisdiction of this case rests under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. On August 14, 1984, José C. Calderón was notified in writing by Posadas that his services as a croupier at the Casino were no longer needed.

3. The Union filed a grievance on Calderón's behalf alleging that Calderón was unjustifiably terminated.

4. At the arbitration hearing held on October 17, 1984, Posadas raised the defense of non-arbitrability of the complaint because the complaint dealt with the dismissal of a probationary employee which, according to Article XII(c) [1] of the collective bargaining agreement, had no recourse to arbitration.

5. Posadas and the Union could not reach a submission agreement as to the questions to be resolved by the arbitrator.[2] Each party proposed a question and the arbitrator adopted Posadas', which was: "That the arbitrator determine if the complaint filed by Mr. José M. Calderón is or is not arbitrable."

6. At the hearing, Posadas requested that a transcript of another hearing before the Puerto Rico Labor Relations Board, wherein the Union participated, be admitted into evidence. The arbitrator granted the petition and gave Posadas until November 20, 1984, to file said transcript before the case was submitted for decision.

7. Posadas filed a motion with the Board on November 5, 1984, and the Board resolved favorably and ordered the transcript of the record on November 14, 1984. A copy of the motion, and the Board's resolution was sent to the Arbitrator.

8. On April 8, 1985, the Arbitrator issued a Resolution terminating the waiting period for the transcript for he had not received copy of the transcript and had not

received communication from Posadas as to the same.

9. On April 19, 1985, the Arbitrator issued the award wherein he decided that the complaint was arbitrable.

### Conclusions of Law

■ The first principle established by a series of cases known as the *Steelworkers Trilogy* (*Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)) is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *AT & T Technologies v. Communications Workers*, —— U.S. ——, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986), *quoting, Warrior & Gulf, supra*, 363 U.S. at 582, 80 S.Ct. at 1353; *American Mfg. Co., supra*, 363 U.S. at 570–571, 80 S.Ct. 1364–1365 (Brennan, J., concurring).

The second rule is:

"that the question of arbitrability—whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the Court, not the arbitrator. *Warrior & Gulf, supra* [363 U.S.] at 582–583 [80 S.Ct. at 1352–1353]. *See, Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 491 [92 S.Ct. 1710, 1712, 32 L.Ed.2d 248] (1972); *Atkinson v. Sinclair Refining*

---

1. Article XII(c) provides that the arbitrator shall also have jurisdiction to decide whether an employee has been dismissed or suspended without just cause, provided, however, that the arbitrator shall not have jurisdiction to consider and resolve any complaint on the suspension or discharge of a probationary employee.

2. Article XII(B)(7) provides that when an issue or controversy is referred to arbitration, the

parties must try to submit a submission argument to the arbitrator containing the question or questions to be resolved by the arbitrator. If the parties are unable to reach a submission agreement, the arbitrator, after hearing the proposals of both parties on the controversy, shall then be able to formulate the question or questions to be resolved.

Co., 370 U.S. 238, 241 [82 S.Ct. 1318, 1320, 8 L.Ed.2d 462] (1962), overruled in part on other grounds, *Boys Markets, Inc. v. Retail Clerks,* 398 U.S. 235 [90 S.Ct. 1583, 26 L.Ed.2d 199] (1970). *Accord, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, —— [105 S.Ct. 3346, 3354, 87 L.Ed.2d 444] (1985)."

*AT & T Technologies v. Communications Workers, supra,* 106 S.Ct. at 1418–19. *See also, Mobil Oil v. Local 8–766, Oil, Chemical & Atomic,* 600 F.2d 322, 324 (1st Cir. 1979); *Local 205, etc. v. General Electric Co.,* 233 F.2d 85, 101 (1st Cir.1956); *Meiswinkel, Inc. v. Laborers' Union Local 261,* 744 F.2d 1374, 1376 (9th Cir.1984).

The parties to a collective bargaining agreement may agree to submit the question of arbitrability to an arbitrator because an arbitrator's jurisdiction is rooted in the agreement of the parties. *George Day Construction Co., Inc. v. United Brotherhood of Carpenters and Joiners of America, Local 354,* 722 F.2d 1471, 1474 (9th Cir.1984); *Steelworkers v. Warrior & Gulf Co.,* 363 U.S. at 583 n. 7, 80 S.Ct. at 1353 n. 7; *Metal Products Workers Union, Local 1645 v. Torrington Co.,* 358 F.2d 103 (2nd Cir.1966). As expressed in *George Day Construction:*

> An agreement to allow the arbitrator to decide the question of arbitrability may be acted upon by the arbitrator even though it is collateral to the collective bargaining agreement containing the arbitration clause. *See, Syufy Enterprises v. Northern California State Assn. of IATSE Locals,* 631 F.2d 124, 125 (9th Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). Moreover, consent to grant the arbitrator such authority may be implied from the conduct of the parties in the arbitration setting (Citations omitted). 722 F.2d at 1475.

The only limitation established by precedent is that the parties' intent to vest the arbitrator with power to decide arbitrability must be clearly demonstrated. *Local 369, Utility Workers v. Boston Edison Co.,* 588 F.Supp. 800 (D.Mass.1984), *aff'd,* 752 F.2d 1 (1st Cir.1984), *citing, Steelworkers v. Warrior & Gulf Co.,* 363 U.S. 574, 583 n. 7, 80 S.Ct. 1347, 1353 n. 7, 4 L.Ed.2d 1409 (1960).

In this case, as in *Local 369,* the collective bargaining agreement apparently does not explicitly provide for the resolution of arbitrability questions by the arbitrator. However, Posadas' intent to vest the arbitrator with power to decide arbitrability has been clearly demonstrated. Posadas' consent to grant the arbitrator such authority was clear, express and unmistakable even though it recognized that the arbitrability issue could be presented to either the arbitrator or the Court.[3] (See Posadas' memorandum of law submitted to the arbitrator after the arbitration hearing at p. 7, and Posadas' motion for summary judgment, p. 4)

The Union, in *Local 369,* like Posadas in the present case, argued that in agreeing to submit arbitrability to the arbitrator it nonetheless reserved its right to independent judicial determination of the arbitrability issue; that the Court can consider the arbitrator's decision on arbitrability but should not defer to that decision. Rather, the Union contended that the Court must make an independent determination of arbitrability. In support thereof, the Union cited *Mobil Oil v. Local 8–766, Oil, Chemical & Atomic Workers,* 600 F.2d 322, 325 (1st Cir.1979).

The district court in *Local 369* rejected the Union's argument noting that:

> Contrary to the Union's assertions, the only precedents for independent judicial determination of arbitrability involved cases in which the parties had not expressly committed arbitrability to the arbitrator for determination. For this reason ... *Mobil Oil* ... [does not address] the issue that is presented here. In *Mo-*

---

**3.** The employer and the union in *AT & T Technologies v. Communications Workers, supra,* did not agree to arbitrate the arbitrability question.

It was the district court that ordered arbitration of the threshold issued of arbitrability.

*bil Oil,* the parties submitted to arbitration a grievance concerning the employer's subcontracting practices. The parties disagreed whether the dispute was arbitrable, but did not submit the arbitrability issue to the arbitrator. The First Circuit held that, in these circumstances, the district court, in reviewing the arbitrator's award, must make its own independent determination of the threshold issue of arbitrability. *Id.* at 325. The court did not address the role of the district court in reviewing an arbitrator's determination of arbitrability where the parties had agreed, by contract or post-dispute stipulation, to submit the issue of arbitrability to arbitration. 588 F.Supp. at 805.

Similar to *Mobil Oil,* the cases cited by Posadas, *United Steelworkers v. American Mfg. Co., supra,* and *Steelworkers v. Warrior & Gulf Co., supra,* do not address the issue presented. In both cases, the suit under § 302(a) of the Labor Management Relations Act was brought by a labor union to compel arbitration of a grievance pursuant to a collective bargaining agreement. The parties disagreed whether the dispute was arbitrable but did not submit the arbitrability issue to the arbitrator.

*Local 369* further addressed the role that the district court has in reviewing an arbitrator's determination of arbitrability where the parties had agreed, by contract or post-dispute stipulation, to submit the issue of arbitrability to arbitration. The Court concludes that the

> deferential standard of judicial review that applies to an arbitrator's award in a dispute arising out of a collective bargaining agreement has been applied where the parties have submitted a legal question, ordinarily within the court's jurisdiction, to the arbitrator for decision. *George Day Const. v. United Broth. of Carpenters,* 722 F.2d 1471, 1477 (9th Cir. 1984); *see also, Warrior & Gulf, supra,* 363 U.S. at 583 n. 7 [80 S.Ct. at 1353 n. 7].

*Local 369, Utility Workers v. Boston Edison Co.,* 588 F.Supp. at 805.

The First Circuit Court of Appeals affirmed the district court's conclusion in *Local 369* holding that "[d]ecisions on questions expressly committed to the arbitrator for determination are reviewable only to the extent necessary to determine if the arbitral award 'draws its essence from the collective bargaining agreement.' *Enterprise Wheel,* 363 U.S. at 597, 80 S.Ct. at 156." *Local 369, Utility Workers Union v. Boston Edison,* 752 F.2d 1, 3 (1st Cir. 1984).

■ Once we have decided that in reviewing the arbitrator's award in this case we do not have to make our own independent determination of the issue of arbitrability we must answer the threshold question, to wit: whether Posadas' 301 cause of action to vacate the arbitration award was untimely filed.

> "[O]rdinarily, 'the timeliness of a section 301 suit is to be determined, as matter of federal law, by reference to the appropriate state statute of limitations.' " *Derwin v. General Dynamics Corp.,* 719 F.2d 484, 487 (1st Cir.1983), *quoting, International Union, UAW v. Hosier [Hoosier] Cardinal Corp.,* 383 U.S. 696, 705–05 [06, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192] (1966) (citations omitted)."

In *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that state statutes of limitations governing actions to vacate arbitration awards control the time within which actions under section 301 of the Labor Management Relations Act must be filed.

Posadas alleges that the present action was timely filed under *Del Costello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *Del Costello,* the Supreme Court ruled that the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is applicable to the employee's breach of duty of fair representation claim against his union and breach of collective bargaining agreement claim against his employer.

*Del Costello* established a statute of limitations period for hybrid claims under section 301, however, it did not address actions arising solely under section 301, or more specifically, suits to vacate arbitration awards brought directly under section 301. *Occidental Chemical v. Local 820 Intern. Chem. Work,* 614 F.Supp. 323, 324 (D.Mich. 1985). But "the Court in *Del Costello* clearly indicated that these policy interests [interest in stable bargaining relationships and finality of private settlements] require a shorter period in action to vacate arbitration agreements than in hybrid section 301 suits." *Occidental Chemical,* at 326.

The First Circuit Court of Appeals considered this issue in the context of a suit to confirm arbitration. The court in *Derwin v. General Dynamics Corp.,* 719 F.2d at 487, concluded that the holding of *Del Costello* "was not intended to weaken the ordinary presumption of state law primacy in resolving section 301 limitations questions."

Puerto Rico does not have a statute of limitations applicable to actions to vacate arbitration between employers and employees. Section 3224 of Title 32 of Laws of Puerto Rico Annotated,[4] which is similar to section 12 of 9 U.S.C. (The United States Arbitration Act) applies only to commercial arbitration and not to arbitration between employers and employees. *Seafarers International Union v. Superior Court,* 86 P.R.R. 762 (1962). Labor arbitration is governed by doctrinal norms. *Rivera v. Samaritano & Co., Inc.,* 108 D.P.R. 604, 606 (1979). The Supreme Court of Puerto Rico has established that actions to vacate a labor arbitration award shall be filed within thirty days of the award unless the collective bargaining agreement establishes a different time period. *Unión de la Industria Licorera de Ponce v. Destilería Serrallés, Inc.,* 85 J.T.S. 34 (1985).

The labor arbitration award which Posadas seeks to set aside and vacate was rendered on April 19, 1985. The action to set aside the arbitration award was filed on August 14, 1985, more than thirty days after the award was issued. Posadas' claim under section 301 is barred by the thirty-day limitation established by the Supreme Court of Puerto Rico in *Unión de la Industria Licorera de Ponce.*[5] *See, e.g., Liotta v. National Forge Co.,* 629 F.2d 903 (3rd Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981) (employee's claim to vacate an arbitrator's award because of unfair representation by the attorney for the union before, during and after arbitration was barred by the three-month state statute of limitations); *United Broth. of Carpenters & Joiners v. FMC Corp.,* 724 F.2d 815 (9th Cir.1984) (Union's suit under section 301 to set aside the arbitrator's decision on the ground that the decision did not draw its essence from the collective bargaining agreement was barred by the state limitations statute). *See also, International Union of Electrical, Radio, and Machine Workers v. Ingram Mfg. Co.,* 715 F.2d 886, 888–89 (5th Cir.1983); *Fedor v. Hygrade Food Products Corporation,* 687 F.2d 8 (3rd Cir. 1982); *Sine v. Local No. 992 Intern. Broth., etc.,* 644 F.2d 997 (4th Cir.1981); *Kikos v. Intern. Broth. of Teamsters, etc.,* 526 F.Supp. 110 (E.D.Mich.1981).

The expiration of the thirty-day period is an absolute bar to the commencement of litigation to vacate an arbitration award, *Cf., Corey v. New York Stock Exchange,* 691 F.2d 1205 (6th Cir.1982); *Piccolo v.*

**4.** Section 3224 provides that notice of the motion to reverse, modify or correct an award shall be served on the opposing party or his counsel within the three months following the delivery of a copy of the award to the party or his counsel.

**5.** The federal policy of quickly cutting off the ability of a party to upset an arbitration award is embodied in 9 U.S.C.A. § 12, which provides a three-month period of limitation to serve a notice of a motion to vacate, modify or correct an arbitration award. This policy is also embodied in state arbitration statutes. As of 1982, 28 of the 42 state arbitration statutes contained limitation periods of 90 days, 9 were shorter, 3 of the periods were based on the term of the courts, and only two states had periods longer than 90 days. *Occidental Chemical v. Local 920, Intern. Chem. Work., supra, quoting, Mitchell,* 451 U.S. at 64.

*Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir.1981); *International Union, United Automobile, Aerospace & Agriculture Implement Workers of America (UAW) v. LaCrosse Cooler Co.*, 406 F.Supp. 1213, 1215 (W.D.Wis.1976), and the fact that plaintiff premised his case as an attack on the jurisdiction of the arbitrator to make the award is immaterial. *DeLorto v. United Parcel Service, Inc.*, 401 F.Supp. 408, 409 (D.Mass.1975) (*quoting, Hill v. Aro Corp.*, 275 F.Supp. 482, 485–87 (N.D. Ohio 1967).

WHEREFORE, in view of the above the Court hereby GRANTS Union's motion for summary judgment; DENIES Posadas' cross-motion for summary judgment; and FURTHER ORDERS the DISMISSAL of the complaint.

IT IS SO ORDERED.