POSADAS de PUERTO RICO ASSOCIATES, INC., d/b/a Condado Plaza Hotel & Casino, Plaintiff, Appellant,

v.

ASOCIACION de EMPLEADOS de CASINO de PUERTO RICO, Defendant, Appellee.

No. 86–1472.

United States Court of Appeals, First Circuit.

Argued Feb. 2, 1987.

Decided June 22, 1987.

Maria Milagros Soto, Hato Rey, P.R., was on brief, for plaintiff-appellant.

Peter Berkowitz with whom Lugo & Berkowitz, Hato Rey, P.R., was on brief, for defendant, appellee.

Before COFFIN, TORRUELLA and WISDOM,* Circuit Judges.

TORRUELLA, Circuit Judge.

 It is a firm principle of federal labor law that where parties agree to submit a dispute to binding arbitration, absent unusual circumstances, they are bound by the outcome of said proceedings. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 46 L.Ed.2d 1424 (1960); *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1048–49 (1st Cir.1977). Yet we are, with exasperating frequency, confronted by challenges to such decisions, brought by parties who are apparently still under the delusion that, as a matter of course, the losing party is entitled to appeal to the courts any adverse ruling by an arbitrator. *See Bechtel Constr., Inc. v. Laborers' Int'l Union of N. America*, 812 F.2d 750 (1st Cir.1987); *Int'l Bhd. of Firemen v. Great Northern Paper Co.*, 765 F.2d 295 (1st Cir.1985); *Trustees of Boston Univ. v. Bos-*

*ton Univ. Chapter*, 746 F.2d 924 (1st Cir. 1984). Such is the present case.

This is an action by Posadas de Puerto Rico Associates, Inc. under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, to vacate an arbitration award favorable to Asociación de Empleados de Casino de Puerto Rico. Both parties filed cross-motions for summary judgment. Fed.R.Civ.P. 56. Posadas appeals from an order of the district court, 648 F.Supp. 879, granting Asociación's motion and enforcing the arbitration award. We affirm.

The relevant and material facts as found by the arbitrator are undisputed. The controversy centers around the discharge of Arturo Cátala from the position of casino croupier with the Condado Plaza Hotel and Casino. He had been employed there for eight years. The applicable collective bargaining agreement incorporated a work rule requiring croupiers to clap their hands before withdrawing from the table in which they were working. On April 3, 1984, when charged by a supervisor with having violated this rule, Cátala answered that he would not comply with it every time he needed to "fix his shirt or scratch himself." The supervisor then issued a "warning note," reprimanding Cátala for disobeying company orders. On April 10, the employer discharged Cátala for insubordination, stemming from his noncompliance with the work rule.

Pursuant to the agreement, the union filed a grievance which eventually was arbitrated. The issue submitted to the arbitrator was whether the employer had unjustifiably dismissed Cátala. The arbitrator found the rule in question was reasonably designed to ensure the integrity of the game. He found, however, that Cátala had violated the rule only once, on April 3, and that this violation did not compromise the integrity of the game. The arbitrator also found no evidence of insubordination. Further, he gave no weight to a self-serving report from Posadas, dated April 9, which purportedly showed Cátala's repeated violations of the rule from March 30 through April 8. Because the April 3 "warning

---

* Of the Fifth Circuit, sitting by designation.

note" was Cátala's first for such a violation, and because the only other blemish in his record was a suspension for absenteeism, the arbitrator ruled that the penalty imposed was an unreasonable sanction. The arbitrator held that the warning of April 3 had been an appropriate and sufficient disciplinary measure and ordered Cátala's reinstatement with back pay. The district court enforced the award.

### The evidentiary rulings

Posadas attempted to introduce evidence at the hearing that the Tourism Department of Puerto Rico had extended to Cátala a conditional croupier license for having been convicted, but later pardoned by the Governor, of a felony supposedly involving "moral turpitude." The arbitrator found this irrelevant to the insubordination charge. In addition, the arbitrator gave no weight to the report of April 9. *See ante* at 61. The arbitrator reasoned that the report was an inherently unreliable document prepared by Posadas between April 3–9, and neither submitted to Cátala nor discussed with the union prior to his dismissal on April 10. Appellant's challenges to the relevancy and the credibility findings by the arbitrator lack merit. *Int'l Bhd. of Firemen*, 765 F.2d at 296; *Hoteles Condado Beach, Etc. v. Unión de Tronquistas Local 901*, 763 F.2d 34, 39–40 (1st Cir.1985). Neither do we find "exceptional circumstances" to set aside the award on these grounds. *See Hoteles Condado Beach, Etc.*, 763 F.2d at 39–40.

### The collective bargaining agreement

According to appellant's published work rules, an employee who violates the "hand-clapping" rule is subject to "disciplinary action, which may consist of a written warning, the suspension from employment and salary, and the definite termination of the employee *depending on the magnitude of the violation and the disciplinary record of the employee*" (emphasis added). R. 30, Rules for Union Personnel of the

Condado Holiday Inn Casino. The issue submitted to the arbitrator for decision was "whether an employee ha[d] been dismissed ... without just cause." *See* Collective Bargaining Agreement, art. XII, ¶ C(1). If an employee was fired without just cause, the arbitrator has the authority to award an "adequate and just remedy or remedies, including, without any limitation thereto, the reinstatement of the employee to his previous position with or without back pay." *Id.* Art. XII, ¶ (C)(2).

Here, the arbitrator recognized Cátala's obligation to comply with company rules. *See* Art. XI, ¶ (J).[1] Although Cátala had violated the "hand-clapping" rule, the employer could not demonstrate insubordination. The arbitrator determined next, that considering his disobedience of the rule was "involuntary," and the absence of insubordination, and that Cátala lacked a disciplinary record except for absenteeism, the sanction imposed was too severe. *See* Rule 30, *supra.* Thus, the *discharge* was without "just cause." The arbitrator did not say, contrary to Posadas' argument, that a warning must be given to an employee before he can be discharged. He simply lessened the sanction to the written warning of April 3, and ordered reinstatement with back pay. This he obviously had authority to do. *See* Art. XII, ¶ (C)(2), *supra. Cf. S.D. Warren Co. v. United Paperworkers' Int'l Union*, 815 F.2d 178 (1st Cir.1987) (arbitrator had no authority to change penalty under the collective bargaining agreement).

Unlike *Mistletoe Express Serv. v. Motor Expressmen's Union*, 566 F.2d 692 (10th Cir.1977), nothing in the contract states that a violation of a work rule is *per se* just cause for discharge. Moreover, the management rights clause does not vest Posadas with unbridled authority over discipline matters.[2] Posadas' right to supervise, manage and control the casino is circumscribed by the "just cause" limitation

---

**1.** Article XI, ¶ (J) provides:
 The Employees are under the obligation to comply with the disciplinary rules established by the Employer ... provided that said rules do not conflict with the provisions of this Collective Bargaining Agreement.

**2.** Article XI, ¶ (G) provides:

 The Union recognizes management's right to manage and control the operation of the Casino and that the right to supervise and manage the Casino are exclusively the function of the Casino Director and his authorized representatives, and nothing in this Agreement shall be understood as depriving the Employer of his

of Article XII, ¶ (C)(2). *See* F. Elkouri & E. Elkouri, *How Arbitration Works* Ch. 15 at 610–15 (3d ed. 1973).

 We hold that the award "draws its essence from the collective bargaining agreement." *Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361. The arbitrator's award is not (1) unfounded in reason and fact; (2) based on palpably faulty reasoning to the point that no judge could conceivably have reached the same result; or (3) erroneously based on a crucial assumption that is not a fact. *Local 1445, United Food and Commercial Workers Int'l Union, AFL–CIO v. Stop & Shop Companies*, 776 F.2d 19, 21 (1st Cir. 1985).

Even if the award is faithful to the agreement, it cannot be judicially endorsed if offensive to a "clearly defined" public policy of the forum. *S.D. Warren Company, supra. U.S. Postal Serv. v. American Postal Workers Union*, 736 F.2d 822, 825 (1st Cir.1984); *Congreso de Uniones Industriales v. Nat'l. Packing*, 631 F.Supp. 1026, 1028 (D.P.R.1986).

Appellant maintains that the award contravenes the public policy behind the Gaming Regulations, P.R. R. & Regs. tit. 15, § 76a–2 (1957), which provides:

> (b) All the employees in a game room will fulfill the following obligations, aside from those stated in their respective work contracts:
>
> \* \* \* \* \* \*
>
> (5) All the employees will adjust to the strictest and most absolute honesty in the performance of their job in the game room....

We disagree. Although the work rule appears to promote the commendable interests of the regulation, there is no evidence in this case that Cátala's violation involved any dishonest or fraudulent behavior. Cátala's conduct was unintentional. The integrity of the game was never in danger. Accordingly, we reject Posadas' categorical approach to dismissals in that all violations of the "hand-clapping" rule contravene Section 76a–2(b)(5).

*Remaining Contentions*

 Posadas urges us to set aside the award on the basis of bare allegations in the complaint of bias or prejudgment in the arbitrator's handling of the grievance. 9 U.S.C. § 10(b), (c). Similarly, appellant claims that the arbitrator failed to reduce the award by the amount of Cátala's earnings from other employment, if any, subsequent to his discharge. Art. XII, ¶ (C)(2), *supra* (stating, in part, "Any income earned by the employee while he was suspended from employment and salary shall be credited against the amount or amounts of money which the arbitrator determines is due the employee for loss of back pay."). We hold that summary judgment was proper as Posadas cannot successfully oppose such a motion by reference only to allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* · 477 U.S. 317, ——, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). We have considered the remaining arguments and they are without merit.

The judgment of the district court is *affirmed.* Double costs are awarded to appellee.

---

management rights, unless said interpretation is expressly required by the provisions of this

Agreement.