931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 826,
AFL-CIO, Plaintiff-Appellant,
v.
NAVAJO REFINING COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 90-2250.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Plaintiff International Union of Operating Engineers Local No. 826, AFL-CIO (Union) brought suit in the federal district court for the District of New Mexico against Navajo Refining Company (Company) claiming that the Company breached collective bargaining agreements by failing to notify the Union of the adoption of an employee stock option plan for the Company's nonunion employees. This appeal[1] is from an order of the district court finding that the claim of the Union, although styled as an action for breach of certain collective bargaining agreements, was actually an unfair labor practice claim preempted by the Labor Management Relations Act. International Union of Operating Engineers Local No. 826, AFL-CIO v. Navajo Refining Co., No. 89-0941JC, slip op. at 1 (D.N.M. Sept. 25, 1990) (District Court Order). We review the district court's jurisdictional ruling de novo. Cf. Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1375 (10th Cir.1989) (personal jurisdiction).
 
 
 2
 The Union concedes that if there has been no breach of the collective bargaining agreement the district court was without jurisdiction in this matter. Union's Opening Brief at 16. For the district court to have jurisdiction, an unfair practice claim must be a collateral issue attached to a genuine section 301(a) dispute.[2] Trustees of the Colo. Statewide Iron Workers (Erector) Joint Apprenticeship & Training Trust Fund v. A & P Steel, Inc., 812 F.2d 1518, 1526 (10th Cir.1987). We agree with the district court that this complaint at most alleges an unfair labor practice and thus is within the exclusive jurisdiction of the National Labor Relations Board. New Mexico Dist. Council of Carpenters v. Mayhew Co., 664 F.2d 215, 217 (10th Cir.1981).
 
 
 3
 The background facts of this matter are undisputed. In 1985, as part of a general capital restructuring, a benefit plan entitled "Holly Corporation Employee Stock Ownership Plan" (ESOP) was established by the Company's parent, Holly Corporation, to become effective on August 1, 1985. The ESOP, like its predecessor stock ownership plan, specifically excluded employees covered by a collective bargaining agreement from participation eligibility. Rec. Vol. II, Doc. 5, Exhibit A [Holly Corporation Tax Credit Employee Stock Ownership Plan] at 2; id. [Holly Corporation Employee Stock Ownership Plan as Amended and Restated] at 12. That exclusion notwithstanding, the Union argues that the terms of its collective bargaining agreements required the Company to give the Union notice of the establishment of the ESOP.
 
 
 4
 The Union and the Company were parties to two separate collective bargaining agreements relevant to this dispute, one with the trucking division, Rec. Vol. I, Doc. 4, Exhibit F, and another with the balance of the Company's union employees. Id. at Exhibit C. The material portions of the agreements are substantially the same and provide as follows:
 
 
 5
 BENEFIT PLANS: The Company agrees to administer for the employees covered by this Agreement and during its term, the following employee benefit plans:
 
 Military Leave
 Supplemental Disability Award
 Accidental Death & Dismemberment
 Thrift Plan
 Long Term Disability Insurance
 Home & Hospital Medical Expense
 Retirement Plan
 Short Term Disability Pay Plan
 Group Life Insurance
 Occupational Accidental Insurance
 
 6
 Supplemental Life Insurance Plan.
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 CHANGES IN BENEFIT PLANS: In the event the Company desires to increase the cost or to decrease the benefits of any such plans, it will present such changes to the Union at least thirty (30) days prior to the proposed effective date of such changes with a complete explanation of the reasons for such changes.[3]
 
 
 11
 Id. (emphasis added).
 
 
 12
 The Union argues that this provision obligated the Company to inform the Union of the creation of the ESOP for the nonunion employees. We cannot agree. It is obvious that only the benefits listed in the agreements were subject to the thirty-day notice provision and equally obvious that the ESOP was not among the listed benefits.[4] The district court was therefore correct in holding that there had been no breach of this section of the collective bargain agreements.[5]
 
 
 13
 The Union further argues that the Company breached Article X of the collective bargaining agreements. Article X prohibits the Company from discriminating against any employee because of his or her affiliation with the Union.[6] The Union argues that by establishing an ESOP available only to nonunion employees, the Company discriminated against its union employees because of their union membership. There is no evidence, however, that the Company attempted to keep the fact of the ESOP confidential or that the Company ever attempted to prohibit the Union from bargaining for inclusion of the ESOP in the list of benefits included in its collective bargaining agreements. Neither is there evidence of a history of collective bargaining between the Union and the Company demonstrating that this clause was intended to mandate identical benefits for both union and nonunion employees. Cf. Syufy Enters. v. Northern Cal. State Ass'n of IATSE Locals, 631 F.2d 124, 126 (9th Cir.1980), cert. denied, 451 U.S. 983 (1981) (provisions of a collective bargaining agreement must be viewed in light of the history of the negotiations giving rise to them). We hold, therefore, that the creation of the ESOP for nonunion employees did not breach the nondiscrimination clauses of the collective bargaining agreements.
 
 
 14
 The threshold issue here is whether the collective bargaining agreements required the Company to give notice of the creation of the ESOP. Since we have concluded that no such notice was required under the facts before us, there was no breach of the notice provisions of the agreements and thus no jurisdiction in the district court. Whether the Union had either actual or constructive notice is irrelevant.[7]
 
 
 15
 The Union's motion for costs and attorneys' fees incurred in perfecting this appeal is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.[8] The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Section 301(a) of the Labor Management Relations Act vests federal courts with jurisdiction to adjudicate alleged breaches of collective bargaining agreements. See 29 U.S.C. Sec. 185(a) (1988)
 
 
 [3]
 The list of benefits in the agreement with the trucking division are the following:
 Retirement Plan
 Group Life Insurance Plan
 Home and Hospital Expense Plan and Dental Care Plan
 Accidental Death and Dismemberment Plan
 Long Term Disability Plan
 Military Service Plan
 Disability Pay Plan
 Occupational Accident Plan
 Supplemental Disability Award Plan
 Thrift Plan
 Rec. Vol. I, Doc. 4, Exhibit F. The provisions regarding changes in benefit plans are identical.
 
 
 [4]
 The Union argues that, under the collective bargaining agreement with the trucking division, written notice of the Company's adoption of the ESOP was required. Because the notice requirement in the trucking agreement referred only to notices "herein provided," and because the ESOP was not a benefit provided in the agreement and subject to the notice requirement, we reject this argument for the reasons noted above
 
 
 [5]
 The district court found that "the posting of notices of the Company's adoption of the Employee Stock Option Plan in 1985 on 22 Company bulletin boards was adequate notice to the Union of the Company's adoption of such plan." District Court Order at 1. The Union argues that a material question of fact exists as to whether the notice given was sufficient. Because we hold that notice was not required at all under these circumstances, we do not reach the issue of sufficiency of the notice. We may affirm the district court on any grounds supported by the record. Scivally v. Time Ins. Co., 724 F.2d 101, 103 (10th Cir.1983)
 
 
 [6]
 The nondiscrimination provision of the trucking division agreement appears in Article XII
 
 
 [7]
 The Union also argues that 29 U.S.C. Sec. 158(d)(1), requiring sixty days notice of the modification of a collective bargaining agreement, applies to the facts of this case. However, this claim is also a claim of an unfair labor practice and, without more, is not within the jurisdiction of the federal district court. Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co., 753 F.2d 1512, 1516-17 (9th Cir.1985)
 
 
 [8]
 The jurisdiction of the district court to entertain the Union's complaint is the threshold issue in this matter. To the extent that the District Court Order granted "summary judgment" to the Company as to the Union's claims of breach of the collective bargaining agreements, claims appropriate for resolution only if the court is vested with jurisdiction, the District Court Order is vacated for want of jurisdiction