**UNIVERSIDAD INTERAMERICANA,**
Plaintiff,

v.

**DEAN WITTER REYNOLDS, INC., Defendant.**

**Civil No. 00–1461 (JAG).**

United States District Court,
D. Puerto Rico.

May 31, 2002.

---

1. It should be noted that these summary judgment motions are unopposed.

Nestor Mendez–Gomez, Pietrantoni Mendez & Alva, San Juan, PR, for plaintiff.

Heidi L. Rodriguez–Benite, Pietrantoni Mendez & Alva, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On April 13, 2000, defendant Morgan Stanley Dean Witter, Inc. ("Dean Witter"), moved to vacate an arbitration award of $300,000.00 entered against it by the New York Stock Exchange ("NYSE") as the result of a securities claim filed by plaintiff Universidad Interamericana de Puerto Rico ("Inter"). On June 29, 2000, Inter filed a motion to dismiss and/or summary judgment and cross motion to confirm award. On July 31, 2000, Dean Witter opposed. For the reasons discussed below, Dean Witter's motion to vacate the arbitration award is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 10, 1997, Inter filed a Statement of Claim seeking damages against Dean Witter for the sale of certain investments purchased by Inter from 1991 to 1993. Inter alleged that certain investments it purchased through Dean Witter were "unsuitable" for it and did not comply with Inter's investment policy and objectives inasmuch as they were volatile, speculative, and unsound, and did not comply with applicable laws, rules, and regulations. Inter alleges that as a result of these transactions, it paid excessive commissions to Dean Witter and unnecessary management fees to one or more of its affiliates. Inter claims to have relied on Dean Witter's recommendations and representations that the investments were suitable for it. Arbitration hearings began on December 8, 1998. On January 13, 2000, the NYSE issued the decision rendered by the arbitration panel awarding $300,000.00 to Inter.

## DISCUSSION

A. *Standard for Review of Arbitration Awards.*

■ In *Advest, Inc. v. McCarthy,* 914 F.2d 6 (1st Cir.1990), the First Circuit stated that the bases for review of arbitration awards are provided by § 10 of the Federal Arbitration Act, 9 U.S.C. § 10. The statute carefully limits judicial intervention to instances where the arbitration has been tainted in certain specific ways. Mainly, § 10 authorizes *vacatur* of an award in cases of specified misconduct or misbehavior on the arbitrators' part, actions in excess of arbitral powers, or failures to consummate the award. *See Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l Ltd.,* 888 F.2d 260, 264 (2d Cir.1989). The statute contains no express ground upon which an award can be overturned. Courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Even where such error is painfully clear, "courts are not authorized to reconsider the merits of arbitration awards ..." *S.D. Warren Co. v. United Paperworkers' Int'l. Union, Local 1069,* 845 F.2d 3, 7 (1st Cir.1988).

■ Courts do, however, retain a very limited power to review arbitration awards outside of § 10. "The considerable deference due an arbitrator's decision 'does not grant carte blanche approval to any decision that the arbitrator might make ...'" *Challenger Caribbean Corp. v. Union General de Trabajadores,* 903 F.2d 857, 861 (1st Cir.1990) (*citing International Bhd. of*

---

1. Alejandro J. Cepeda–Díaz, a second year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

2. Pertinent facts are taken from Dean Witter's motion to vacate since they are undisputed. (*See* Docket No. 1).

*Firemen Local 261 v. Great N. Paper Co.,* 765 F.2d 295, 296 (1st Cir.1985)). Nevertheless, non-reviewability remains the general rule—and exceptions are few and far between. *See Bettencourt v. Boston Edison Co.,* 560 F.2d 1045, 1049 (1st Cir.1977). A successful challenge to an arbitration award, apart from § 10, depends upon the challenger's ability to show that the award is "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Local 1445, United Food and Commercial Workers v. Stop & Shop Cos.,* 776 F.2d 19, 21 (1st Cir.1985); *Bettencourt,* 560 F.2d at 1050. Put differently, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," a court's conviction that the arbitrator made a serious mistake or committed grievous error will not furnish a satisfactory basis for undoing the decision. *See Misco,* 484 U.S. at 38, 108 S.Ct. 364; *See also Georgia–Pacific Corp. v. Local 27, United Paperworkers Int'l Union,* 864 F.2d 940, 944 (1st Cir.1988).

■ The First Circuit recognized in *Advest* two classes of cases where an arbitral award is subject to review. One category, usually involving labor arbitration, is where an award is contrary to the plain language of the collective bargaining agreement. *See, e.g., Strathmore Paper Co. v. United Paperworkers Int'l Union,* 900 F.2d 423, 427 (1st Cir.1990); *Berklee College of Music v. Berklee Chapter of the Massachusetts Federation of Teachers, Local 4412,* 858 F.2d 31, 32 (1st Cir.1988); *S.D. Warren Co.,* 845 F.2d at 8. The second category, upon which Dean Witter relies, embraces instances where it is clear from the record that the arbitrator recognized the applicable law—and then ignored it. *See, e.g., Carte Blanche (Singapore),* 888 F.2d at 265; *Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743, 750 (8th Cir.1986).

**B.** *Dean Witter's Motion to Vacate the Arbitration Award.*[3]

■ Dean Witter contends that Inter's claim was time barred by applicable law. Furthermore, Dean Witter claims that the arbitrators knew that the claim had been filed beyond the applicable statute of limitations[4] and chose to ignore the fact. In its motion, Dean Witter asks the Court to vacate the NYSE's arbitration award on the grounds that the arbitrators acted in "manifest disregard of the law" when issuing their decision.

■ To demonstrate that the arbitrators acted in manifest disregard of the law, Dean Witter must show that "the arbitrator recognized the applicable law—and then ignored it." *Prudential–Bache Securities, Inc. v. Tanner,* 72 F.3d 234, 239 (1st Cir.1995); *See also Advest,* 914 F.2d at 9. Moreover, "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." *Advest,* 914 F.2d at 10 (*citing O.R. Securities, Inc., v. Professional Planning Assoc., Inc.,* 857 F.2d

---

**3.** Inter argues that Dean Witter's motion was not timely filed. We find that it was timely filed within the three-month, *not* ninety-day, period prescribed by the statute. Furthermore, inasmuch as we are denying the motion to vacate the award, we will not discuss Inter's argument that Dean Witter was contractually estopped from seeking the Court's review.

**4.** In its motion, Dean Witter extensively argues its position on which should be the applicable statute of limitations. The Court need not discuss Dean Witter's arguments inasmuch as we find them to be irrelevant for the disposition of this motion.

742, 747 (11th Cir.1988)); *See also Morani v. Landenberger*, 196 F.3d 9, 11 (1999). This standard of review places a high burden of proof upon Dean Witter, a burden made even harder to overcome by the fact that arbitrators are not under the obligation to explain their decisions. In this case, the arbitrators did not explain their ruling. "In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law." *O.R. Securities*, 857 F.2d at 747. "Arbitrators are not required to elaborate their reasoning supporting an award to allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbitral process." *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 750 (8th Cir.1986) (citations omitted).

Dean Witter merely relies on the transcripts of the hearings to demonstrate that it informed the arbitrators of what it believed to be the applicable statute of limitations.

> "But arbitrators' remedial choices are not restricted to the array of anodynes proposed during the hearing. In actuality, the opposite is true: subject to the terms of the empowering clause, arbitrators possess latitude in crafting remedies as wide as that which they possess in deciding cases. That leeway is at its zenith when, as here, the arbitration clause imposes no limitations on choice of remedies."

*Advest*, 914 F.2d at 10 (citations omitted). The panel declared it would take Dean Witter's arguments under consideration. They did not, however, rule on the issue at that time. The transcripts alone do not enlighten us as to the panel's rationale behind the ruling. By merely demonstrating that it argued its position before the panel, Dean Witter does not meet its high burden of proof. Therefore, the Court must confirm the award.

## CONCLUSION

For the foregoing reasons, Dean Witter's motion to vacate the arbitration award is DENIED and Inter's Motion to Dismiss and/or Summary Judgment and Cross–Motion to Confirm the Award is GRANTED.

Judgment shall be entered accordingly.

IT IS SO ORDERED.