**METRO CHEVROLET, INC.,**
**Plaintiff, Appellee,**

v.

**UNION de TRONQUISTAS de PUERTO**
**RICO, Defendant, Appellant.**

**No. 87–1574.**

United States Court of Appeals,
First Circuit.

Submitted Nov. 25, 1987.

Decided Dec. 7, 1987.

**4**

---

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

### MEMORANDUM AND ORDER

Union de Tronquistas de Puerto Rico (the Union) has appealed a district court judgment vacating an arbitration award in its favor against Metro Chevrolet, Inc. (Metro). *Metro Chevrolet v. Union de Tronquistas de P.R.*, 660 F.Supp. 741 (D.P.R. 1987). Metro has moved for summary affirmance of the district court judgment in light of this court's opinion in *S.D. Warren Co. v. United Paperworkers Int. Union*, 815 F.2d 178 (1st Cir.), *petition for cert. filed*, — U.S. —, 108 S.Ct. 497, 98 L.Ed.2d 496 (1987). We agree that the *S.D. Warren Co.* case controls the disposition of the present case. We therefore grant Metro's motion for summary affirmance and affirm the district court judgment. Loc.R. 27.1.

The underlying facts and the pertinent language of the collective bargaining agreement are detailed in the district court opinion and therefore we do not repeat them here. *Metro Chevrolet v. Union de Tronquistas de P.R.*, 660 F.Supp. at 741–742. The Union contends that the *S.D. Warren* case is distinguishable because in that case the sole penalty for violating the employer's rule against the possession, use or sale of marijuana, as incorporated in the collective bargaining agreement, was discharge. *S.D. Warren Co. v. United Paperworkers Int. Union*, 815 F.2d at 180. In the present case, the collective bargaining agreement provided that Metro had the right to suspend or terminate employees who are absent without prior authorization. The Union contends that because no one particular penalty is tied to a violation of a condition of employment, *i.e.*, Metro retained the option of imposing either suspension or termination, that the collective bargaining agreement is ambiguous, allowing an arbitrator to review the propriety of Metro's choice of penalty and to reduce the penalty imposed if the arbitrator concludes reduction is warranted.

While the operative agreement involved in the *S.D. Warren* case unambiguously delineated the specific penalty of discharge for a violation, we do not believe that the collective bargaining agreement in the present case is any more ambiguous because it provides that unauthorized absence is legal cause for suspension *or* termination. The rationale which formed the basis of our determination in *S.D. Warren* applies to the present case as well. "When the general just cause provision for discharge is coupled with a specific penalty provision, the appropriateness of the penalty is removed from consideration and is without the scope of review of the arbitrator." *Id.* at 185 (citations omitted). This is not a situation where the collective bargaining agreement contained the general clause, *e.g.*, "No employee shall be dismissed without just cause,"[1] and, at the same time, failed to equate certain behavior with just cause, in which case an arbi-

---

1. Those portions of the collective bargaining agreement submitted as part of the record, in fact, do not even contain such a general clause specifying a just cause requirement.

trator is empowered to determine whether the employee's action which precipitated the dismissal constitutes just cause. Rather, in the present case, absence without prior authorization is specifically defined in the collective bargaining agreement as legal cause for dismissal or suspension and the expression of the resultant penalty in the alternative evidences the parties' intention to vest in Metro discretion in exercising the option of dismissal or suspension. *Cf. Posadas de Puerto Rico Associates, Inc., et al., v. Asociacion de Empleados de Casino de Puerto Rico*, 821 F.2d 60, 62 (1st Cir.1987) (nothing in contract stated that violation of a work rule is *per se* just cause for discharge, nor did management rights clause vest employer with unbridled authority over discipline matters.) Once an arbitrator determines that an unauthorized absence occurred, we conclude that the bargained-for agreement's specific reservation to Metro of the right to suspend or terminate the employee precludes an arbitrator from circumscribing that discretion. The reasoning of the Fourth Circuit in *Textile Workers Union of America v. American Thread Co.*, 291 F.2d 894, 899 (4th Cir. 1961), which we quoted in the *S.D. Warren* case bears repeating here:

> "The reservation of a right to either discipline or discharge for cause would be wholly ineffective and meaningless if the employer's action, pursuant to such right, is subject to review by an arbitrator on the basis of appropriateness. If the reserved right is construed to mean that the employer can take no disciplinary action in excess of a reprimand, except at its own risk and subject to severe penalties in case an arbitrator should later be of the opinion that some milder action is appropriate, the effect would be that the employer's inherent right which has not been expressly relinquished by contract is no right at all."

*Textile Workers Union of America v. American Thread Co.*, 291 F.2d at 899; *see also Monongahela Power Co. v. Local No. 2332, Intern. Bro.*, 566 F.2d 1196 (4th Cir. 1976).

The Union's suggestion that its argument is supported by the parties' stipulated submission to the arbitrator:

> "That the arbitrator decide whether complainants' dismissals were warranted or not. Should it be decided that they were not, that she provide the adequate remedy"

is unavailing. First, the contention that the submission as formulated indicates the parties' intent to confer on the arbitrator the power to review the appropriateness of dismissal versus suspension, once some measure of discipline is deemed warranted, was not pressed before the district court. Second, in any event, the interpretation of the submission which the Union now urges is, by no means, indisputable. The submission, consistent with the collective bargaining agreement, empowered the arbitrator to determine whether the dismissals were warranted, *i.e.*, whether unauthorized absences occurred, and if not, to fashion the appropriate remedy. When such an interpretation, consistent with the collective bargaining agreement, is natural and apparent, one should be reluctant to conclude that the parties instead intended by the general language of the submission to confer broader authority upon the arbitrator than that confined by the collective bargaining agreement, even assuming that the parties could effectively do so.

We agree with the district court that the arbitrator's award does not draw its essence from the collective bargaining agreement.

*Motion for summary affirmance granted.*