YOLANDE FORTUNE ET AL. V. WILLIAM KILLEBREW.

No. 45.

1. **A Father Adversely Interested to His Children can not Submit their Interest to Arbitration.**
   William Killebrew claiming a tract of land in his own right, could not submit the claims of his minor children to said land to arbitration by signing for them an agreement to submit the matter to arbitration. Their interests were adverse to his.................................... 175

2. **Submission to Arbitration—Parties.**
   An agreement submitted to arbitration the matter of settlement by heirs with the executor of the will of the testator, and also between one another as to their interest in the estate. There had been advancements and a partial partition. The arbitration involved the settlement of the amount each heir (or devisee) had received, and the amount each was entitled to out of the general assets in hands of executor. In this state of facts, minor children entitled to a share were necessary parties to the arbitration, and without them the award was invalid, binding nobody........................................................... 176

3. **Award in Excess of Authority.**
   An award in excess of the authority of the arbitrators is void unless the matter in excess is such as may be disregarded and a valid award left standing. See example.......................................... 177

4. **Jurisdiction to Enter an Award.**
   In cases in which an extraordinary power, as of entering an award in an arbitration, is conferred by statute upon a court of general jurisdiction, we are of opinion that the jurisdiction should be treated as special; that the statutory authority should be substantially followed; and that if that authority be exceeded the judgment upon the award should be held void.............................................. 177

5. **Necessary Parties.**
   If there be no agreement binding upon all the parties to the submission, or if there be necessary parties to a suit to determine the issues, then the award is void. So also if the arbitrators failed to act upon the matters submitted or proceeded to determine matters not submitted. See example.................................................. 177

6. **Recitals in Entry of Judgment upon Award.**
   Recitals of consent of parties in the judgment entry upon an award filed upon submission outside the court, do not have the conclusive effect as if the reference to arbitrators had been made in a suit pending with all parties before the court......................................... 178

ERROR to Court of Civil Appeals for Third District, in an appeal from Falls County.

*Goodrich & Clarkson*, for plaintiffs in error. — 1. An agreement to submit to arbitration matters in dispute not embraced in any pending suit is a contract, and can only be entered into by persons capable of contracting; nor has the husband power to bind the separate estate of the wife by signing such agreement; nor has the father of minor children power to bind the estates of such minors by signing such agreement. Rev. Stats., art. 55, sec. 22, final title; Yarborough v. Leggett, 14 Texas, 677.

Parties who are competent to transfer real property may submit to arbitration. Cox v. Jagger, 14 Am. Dec., 522; Morse on Arbit., 26; Snow v. Walker, 42 Texas, 154.

2. The same person can not be allowed to represent in any contract adverse and conflicting interests.

3. It is the duty of the arbitrators to confine themselves to the issues embraced in the submission, and to definitely state their finding on those issues; nor have they right to usurp power not conferred by the articles of submission. Submission must be in writing: Rev. Stats., art 43. Award must be plainly stated: Art. 49; Cox v. Jagger, 14 Am. Dec., 522.

4. The award and the judgment thereon being an entirety, and every part dependent on every other part, and the rights and liability of each of the parties being dependent on the rights and liability of every other party, if said award and judgment is void as to some of the parties, or in some parts, it is wholly void. Stuart v. Anderson, 70 Texas, 601; Hutchings v. Locket, 39 Texas, 167; Hall v. Williams, 17 Am. Dec., 367; Hanley v. Donahue, 43 Am. Rep., 554.

*Clark, Dyer & Bolinger* and *J. A. Martin*, for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the plaintiffs in error against the defendant in error, to recover a tract of land consisting of about 240 acres. The land in controversy was a part of the estate of John A. Fortune, Sr., who died in the year 1863, having made his will, in which one C. V. Fortune and the defendant, William Killebrew, were nominated as executors. The will was duly probated and the executors qualified. After making some special legacies, the will provided that the testator's estate should be divided among his children, certain of them being charged in partition with certain advances made to them during the testator's lifetime. One of the executors, C. V. Fortune, died in the year 1870, after which the defendant, Killebrew, had the sole management of the estate.

The plaintiffs in error are the widow and children of John A. Fortune, Jr., who was a son of John A. Fortune, Sr., and one of his devisees.

In the year 1866 the executors made a partial partition of the estate, and in that partition there was set apart to John A. Fortune, Jr., a tract of land consisting of 425 acres, which embraces the land in controversy. In the year 1876 a judgment was rendered against William Killebrew, as executor and in his individual capacity, for the sum of $6511.33. The foundation of this judgment was a note executed by the testator, with William Killebrew as his surety. By virtue of an execution issued on this judgment, a tract of land consisting of 2934 acres was levied upon and sold as the property of the estate of the testator, and at the sale Killebrew became the purchaser and received the sheriff's deed. This tract of land embraced the lands which had been set apart to John A. Fortune, Jr., and to other devisees in the partition.

Subsequently, during the lifetime of John A. Fortune, Jr., the executor, Killebrew, and the devisees and legatees under the will of John A. Fortune, Sr., entered into a written agreement to submit certain matters in controversy between them to arbitration, and stipulated that the award of the arbitrators should be final and should be made the judgment of the court. The arbitrators having made an award, subsequently amended it, and as amended it was made the judgment of the District Court of Falls County. The award and judgment recognized the title of John A. Fortune, Jr., to the tract of land originally set apart to him in partition, but charged it with the payment of the sum of $3431.24 in favor of the executor.

John A. Fortune afterward died intestate, leaving the plaintiffs in error as his sole heirs. In their petition they alleged that the award and judgment were void; but upon the trial the District Court held them valid and conclusive against the claims, and gave judgment for the defendant. The Court of Civil Appeals were substantially of the same opinion, and affirmed the judgment of the trial court.

There were several grounds upon which the award was claimed to be invalid. Among others, it was insisted, and is still urged, that it was not binding because the agreement for submission was not signed by the proper parties. Two of the devisees were married women, and the agreement purports to be signed by their husbands for them; for example, "Wm. McComb, for M. A. McComb." Also, William Killebrew signed for himself and as guardian of his minor children. These minors were heirs of Killebrew's deceased wife, who was a daughter of John A. Fortune, Sr., and a devisee under his will. Their interest and that of their father, the executor, were antagonistic.

It may be gravely doubted whether the husband, without special authority from the wife, can submit questions affecting title to her separate property to arbitration. Whether a guardian had the power to submit a matter in dispute concerning his wards' estate at the time the agreement in this case was executed, is a question we need not discuss. The Re-

vised Statutes confer the power, but at the date of the agreement they had not gone into effect. Rev. Stats., art. 55. But it is clear that Killebrew was not authorized to make a submission for his wards, because their interests were adverse. But whether or not that should avoid the award as between the executor and John A. Fortune, Jr., is a different question.

By the contract of submission, the parties undertook to bind themselves "to submit to arbitration all matters in dispute between them or either of them and William Killebrew, executor." This warrants a determination of their several controversies; and upon first blush it would seem that the controversies were severable, and that an award as between John A. Fortune, Jr., and William Killebrew should be held valid, although void as between the executor and other parties.

But the will of John A. Fortune, after making certain special bequests and charging John A. Fortune, Jr., with an advancement of $5000, provided that all the residue of his estate should be equally divided among his children.

When the agreement for submission was entered into, there had been a partial partition of the property—or rather, portions had been set apart to some of the devisees as a partial satisfaction of their several interests. The agreement authorized the arbitrators to "determine the amount received by each legatee, and the amount that each was entitled to out of the estate," etc.

It is apparent that the portions already received were unequal. What each devisee was entitled to receive out of the residue of the estate could only be ascertained by determining what each had already received; and this not only because the more each one had received the less such devisee was entitled to receive, but also because the more that had already been set apart to each, the more the others were entitled to have set apart to them. It follows that each of the devisees was interested in the question how much each other had received, and that the submission involved not only a controversy between himself and the executor, but also controversies as between themselves. No agreement, no judgment, as between one and the executor would bind the others; and no final disposition of the matters in dispute could be made without a definite determination of all the matters in controversy growing out of the settlement and partition of the estate. To effect such determination was the evident purpose of the agreement; and we are of opinion that unless all were bound by it, none were bound. If the children of William Killebrew had signed for themselves, being minors, the award would have been voidable at their election. Whether a party sui juris could have avoided it, is a question upon which the authorities are not entirely in accord. But they did not sign; and, as we have seen, their father having an adverse interest, had no authority to sign for them as their guardian. They were

intended to be made parties to the proceedings, and were necessary parties to the controversy under the terms of the agreement for submission; and since they are not bound by the award, we are of opinion that it should have no effect.

But there is another serious objection to the award and to the judgment that was rendered upon it. The paragraphs of the agreement for submission which define the powers of the arbitrators read as follows:

" First. That the parties plaintiff and defendant aforesaid hereby agree and bind themselves to submit to arbitration all matters of dispute and controversy between them and either of them and William Killebrew, executor of the last will and testament of John A. Fortune, deceased, relating to the administration and distribution of said estate among the distributees thereof.

" We also agree to submit to arbitration the right of C. V. Fortune to hold certain tracts of land lying in Jack and Palo Pinto Counties, and described in bond for title made by J. A. Fortune to C. V. Fortune, December 17, 1857; said tract of land claimed of them by the executor as property belonging to the estate of John A. Fortune, Sr., deceased.

" Second. It is further agreed, that said arbitrators shall in all things be governed by the will of John A. Fortune, deceased; and said arbitrators shall find and determine the amount received by each legatee, and the amount that each is now entitled to out of the estate, and shall ascertain and determine what sum each share is chargeable and encumbered with for expenses of executor in payment of debts and expenses of administration; and the executor shall as soon as convenient, with the aid of such others as the parties may select, partition and allot to said legatees or their heirs the portion of said estate found for them by said arbitrators, on the payment by such legatee or distributee of such sums, if any, as the arbitrators assess against such legatee's share.

"And it is further agreed, that the land purchased by said William Killebrew at the execution sale in favor of F. S. Stockdale, administrator of Peyton B. Lytle, deceased, shall be treated as other property of said estate."

Now it is apparent from these provisions in the agreement, that the authority of the arbitrators was limited to the ascertainment of the share which each devisee or legatee was entitled to receive out of the property, and the determination of the amount to be charged upon such share in favor of the executor. It is also clear, that both in the original and in the amended award the arbitrators have exceeded this authority. Although the agreement declared that the land bought by the executor at execution sale should be treated as other property of the estate, the arbitrators attempt to award to William Killebrew a portion of this land, as well as other lands belonging to the estate of the testator. This was evidently intended as a payment pro tanto of the debt found due by the

estate to the executor.   But a transfer to him of land or other property
in payment of his debt, the arbitrators had no power to award.   An award
in excess of the authority of the arbitrators is void, unless the matter in
excess is such as may be disregarded, and a valid award be left standing.
But in this case the arbitrators have not only attempted to award what
they had no power to award, but they have also failed to find what they
were empowered to determine.

This brings us to the question of the validity of the judgment entered
upon the award, and that resolves itself into the further question, whether
by the return of the award into the District Court that court acquired
such jurisdiction over the subject matter as that if the judgment, even if
erroneous, would be merely voidable and not void.    The jurisdiction of
the District Court is confined to certain classes of cases enumerated in
the Constitution; but it is nevertheless a court of general jurisdiction, in
the sense in which those words are used when it is said that every in-
tendment must be indulged in favor of the regularity of a judgment of
a court of general jurisdiction.   But the power conferred upon that court to
enter a judgment upon an award in a case not pending before it is purely
statutory.   It is not a proceeding according to the course of the common law.
It is neither a suit at law nor a case in equity.    There is nothing for the
court to hear and determine except the incidental questions which may
grow out of the award itself; that is to say, whether or not the arbitra-
tors have impartially discharged their duty under the powers conferred
upon them by the submission, and in the manner pointed out by the stat-
ute.    So far as the merits of the original controversy is concerned, the
duty of the court is ministerial rather than judicial; that is, it is merely
to enter judgment in accordance with a legal and proper award.

In cases in which an extraordinary power of this character—a power
simply to enter judgment in a case not brought before it by petition, com-
plaint, or suit, in accordance with the essential principles of the common
law, and upon the finding of a distinct tribunal of the parties' own selec-
tion—is conferred by statute upon a court of general jurisdiction, we are
of the opinion that the jurisdiction should be treated as special; that the
statutory authority should be substantially pursued; and that if that au-
thority be exceeded, the judgment entered upon the award should be
held void.    The power of the court under the statute to enter the judg-
ment originates in the agreement to submit to arbitration, and is confined
to the authority to enter the judgment upon the issues submitted and in
accordance with the terms of the submission.    If there be no agreement
binding upon all parties to the submission, and especially if there be neces-
sary parties to a suit to determine the issues who do not join in the sub-
mission, or if the arbitrators fail to determine the issues, and attempt to
decide matters not submitted to their determination, the award is void,

and, as we think, any judgment entered upon it must necessarily fall with it.

But it is urged, that because the judgment entry recites that the parties came by their attorneys, and that the amended award was made "by and with the consent of the parties thereto," that the judgment should be held valid as a judgment by consent. This last recital may mean that the parties consented that the award should be referred back, and not that amended award that was entered by consent. It is not recited that the parties consented to the judgment. It is true that it does not appear that any objection to it was interposed. If the reference to arbitration had been made in a suit pending in court, and, all parties being present in court, a judgment had been entered on the award without objection from any source, it would have been conclusive, however erroneous. Then the court has jurisdiction of the persons and the subject matter, and in order for a party before the court to avail himself of any error in its ruling, he must except in order to get the benefit even of an appeal. But when the court has no jurisdiction, and is without power to enter any judgment upon the pretended award, save an order of dismissal of the proceedings, we think a different rule should prevail. The court being without jurisdiction to render a judgment upon the award, the failure of parties to object to that judgment could not give it validity.

The trial court gave judgment for the defendant in error upon the ground of the conclusiveness of the judgment. While the findings of the court show many of the items of account between the executor and the estate, and may indicate that he was not chargeable with assets sufficient to pay off the judgment in favor of Stockdale as administrator, there is no distinct determination of the question.

Therefore, for the error in holding that the plaintiffs were estopped by the judgment, we feel constrained to reverse the judgment and remand the cause.

It is therefore ordered, that the judgment of the District Court and Court of Civil Appeals be reversed, and that the cause be remanded for a new trial.

*Reversed and remanded.*

Delivered November 23, 1893.