## MOTTIER v. NILSON et al. (No. 9342.)

Court of Civil Appeals of Texas. Galveston. Nov. 7, 1929.

H. A. Cline, of Wharton, for appellant.

326

GRAVES, J. The parties here were the owners of adjoining lands in Wharton county, between which lay a roadway with such culverts and openings in it as permitted the natural flow of surface waters from appellant's tract on the west to drain eastward through those of the appellees. In this proceeding appellant alleged the violation by the appellees of a written contract between them relating to this drainage, made in settlement of a former lawsuit, dated November 22, 1923, and, so far as material, providing: "Parties of the first part, in consideration of the dismissal by party of the second part of the above mentioned suit, agree * * * to permit, free from interference on their part, and on the part of their agents and employees, the unobstructed passage of surface water from the lands aforesaid of second party through the culverts or openings in said roadway; to allow second party to clean the bar pit between said roadway and said east line of his land, to enlarge said openings and to clean ditches leading from the openings in said roadway to the main ditch on land of parties of the first part, at such times as party of the second part may deem necessary"—charging that appellees, about February 15, 1926, had not only filled up the openings and bar-pit along the roadway, thereby obstructing the outflow of the waters and causing them to accumulate on his land, but had also forbidden him to enter upon their lands or clean out the ditches thereon, to his irreparable injury. He sought an injunction against them, praying "that he have issued out of this court a restraining order against defendant, restraining defendant, his agents, employees and tenants from filling up and destroying the said bar-pit along the west side of said roadway, or said culverts or openings in said roadway, and from doing any act or thing which would interfere with the rights of plaintiff under his said agreements with defendant and under the law, and that said injunction be made perpetual."

On presentation of this petition to him, the learned trial judge granted a temporary injunction in all things as thus prayed for.

Thereafter the appellees answered by demurrer and denial, both general, and specially pleaded in bar of this action a purported award of three commissioners, dated September 12, 1927, and filed as pursuant to a prior written agreement of the parties to submit their differences over this matter to arbitration, bearing date of May 10, 1926.

On final hearing, the court, after finding that appellant had substantially established his cause of action for injunction as alleged in his petition, and that there had become vested in him the right, not only to keep open the ditch along and the openings through the roadway, but also to enter upon appellees' lands for the purpose of maintaining such ditches, rendered a judgment perpetuating the writ with the limitation that appellant should not "enlarge the bar-ditch on the west side of said road, nor construct any new openings across said road, nor enlarge any openings now across said road," nor should he "be permitted to enlarge the ditches on appellees' lands, but could maintain and clean out same," and further decreeing as follows: "It is further ordered, adjudged and decreed by the Court that the award made by Gerd Peters, L. H. Lynner and J. W. Kubela, and filed in cause 8847, on the 12th day of September, 1928, be and the same is hereby set aside and held for naught, and the Court further adjudges, that the agreement dated Nov. 22nd, 1923, in Plaintiff's petition has been abrogated and made void by the agreement dated May 10th, 1926, described in Defendant's trial amendment filed herein."

Two of the several assignments of appellant in this court that all tend toward the same position are:

"First Assignment. The court erred in refusing to perpetuate the injunction as prayed for, because, after setting aside the arbitration and award, entered into between plaintiff and defendants, the contract theretofore existing between the parties fixing their respective rights, became and was the permanent agreement between the parties, and the court had no authority to make a new contract between them."

"Third Assignment. The Court erred in holding that the contract dated Nov. 22nd, 1923, was abrogated by the subsequent agreement dated May 10th, 1926, because said agreement dated May 10th, 1926, was the agreement to arbitrate the differences between plaintiff and defendant, and said arbitration was vacated and declared void by the court, in that respect said decree was contradictory on its face."

This contention is sustained; when the attempted arbitration and award had been held void, the parties were remitted to the original status fixed by the contract of November 22, 1923, under the rule thus stated in 5 Corpus Juris. par. 410, p. 167, "Arbitration and Award": "Where an award is set aside, the parties are relegated to their former rights and an action will lie on the original demand." See, also, footnote 29, and authorities there cited, and subsequent paragraph 521, p. 204.

It is true their May 10, 1926, agreement to arbitrate contained the recitation that "nothing heretofore done by either of the parties hereto shall be further binding upon such party or parties unless the same be incorporated in the findings and report of said arbitrators," but that could not be given the effect of abrogating their original contract, since it became a complete nullity, along with all other features of the ineffective effort that had thus been made to settle their differences by that method, when the court decreed the whole proceeding void; so that the contract of November 22, 1923, was fully reinstated, and,

since it conferred upon appellant all of the rights and privileges he sought in his petition, the quoted limitations upon the writ as finally awarded were erroneous. The judgment will therefore be so reformed as to perpetually enjoin the appellees from violating any of the terms of that contract, in all respects as prayed for in appellant's petition, and will then be affirmed.

Reformed and affirmed.