## EVANS v. DE SPAIN.
### No. 7546.

Court of Civil Appeals of Texas. Austin.
Dec. 17, 1930.

Rehearing Granted in Part and in Part Overruled March 4, 1931.

232

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellant.

Roy L. Walker and J. C. Abney, both of Lampasas, for appellee.

BAUGH, J.

Appellant and appellee submitted certain matters in controversy between them to arbitration under the provisions of title 10 (articles 224 to 238), R. S. 1925. Appellant attacked the award of the arbitrators on several grounds and sought to have same set aside. The district court sustained the award and entered it as judgment of the court. Hence this appeal.

The case arose as follows: A. C. Allen and Mattie Sanderson owned a 3,000-acre ranch in Lampasas county. They leased it to A. J. De Spain for a period of three years, beginning October 31, 1928, at an annual rental of $2,250, $1,750 was then paid, and $500 retained by lessee to secure the construction by lessors of certain fences they agreed to build within 40 days. Appellant bought said ranch on February 4, 1929. It appears that a controversy arose over the lessors' failure to build the fences; that an attempted resale by Evans of said property was interfered with by De Spain who claimed damages against the property because of the failure to complete said fences; and that on September 25, 1929, an arbitration agreement was entered into between Evans and De Spain, in which Evans was designated as plaintiff and De Spain as defendant, the pertinent portions of which read as follows:

"It now appears that defendant claims said fence was not completed and is demanding damages from plaintiff by reason thereof and plaintiff is claiming that said contract has been forfeited by reason of said De Spain having paid to A. C. Allen said sum of $500.00 prior to the completion of said fence.

"The plaintiff further claiming damages by reason of A. J. De Spain having interfered with the sale of said land and having broken up a contemplated sale of said land, plaintiff having actually paid the sum of $1107.50 dollars to real estate brokers for securing a purchaser for said land.

"And whereas said parties desire to arbitrate such differences and matters in dispute in the manner provided by law."

Then followed designation of arbitrators, direction that they proceed under the statute, and a waiver of all rights of appeal from their findings.

On September 26, 1929, said arbitrators filed with the district clerk their findings and award, as follows: "We find that under the terms of said lease contract that the said A. J. De Spain complied with the terms thereof and is entitled to a judgment for the sum of $1800.00 damages in settlement of the balance due under the terms thereof as against the said J. W. Evans, and in addition thereto is entitled to the possession of said property so leased until the 15th day of December, 1929, on which date he shall surrender possession thereof to the said J. W. Evans, and all claims of any and all characters submitted to us, including damages claimed by plaintiff for defendant breaking up land sale shall and is hereby settled between said parties."

The award being a statutory award and the right of appeal waived, it became the duty of the court, if such award is valid, to enter it as the judgment of the court, and in so doing the court's acts are purely ministerial. Article 231, R. S. 1925; 4 Tex. Jur. 694. While article 233 provides that, where no right of appeal is reserved in the agreement, the decision of the arbitrators shall be final, such an award can be attacked in any event for partiality, fraud, misconduct, or gross error. Ridgill v. Dupree (Tex. Civ. App.) 85 S. W. 1166; Robbs v. Woolfolk (Tex. Civ. App.) 224 S. W. 232; 4 Tex. Jur. 686, and cases there cited. And an award of the arbitrators in excess of the authority given them by the agreement is void, unless the excess is such as may be disregarded and the valid award left standing. Fortune v. Killebrew, 86 Tex. 177, 23 S. W. 976.

The record does not disclose upon what evidence the arbitrators reached their decision. The agreement above set out submitted to the arbitrators three questions:

1. Damages to De Spain resulting from the failure to complete the fences agreed to be built.

2. Whether De Spain had forfeited his lease on the ranch.

3. Whether De Spain was liable in damages to Evans for interfering with the sale by Evans of said ranch.

■ It is not clear upon what theory Evans was charged with being liable for damages for the failure of Allen to build the fences in question. The record shows that Evans bought the ranch subject to the lease thereof by De Spain, and that he did not assume Allen's contract to build the fences. Only $500 was reserved by De Spain out of the first year's rental to protect him against Allen's failure to fulfill such contract. The time fixed in the lease for Allen to complete the fence had already expired before Evans bought the ranch, and the breach complained of was apparently made by Allen. The only evidence in this record, which was nowhere contradicted by De Spain, as to the amount of that item of damage to De Spain, was that he had only claimed about $200 damage on the fence account. The major portion, therefore, of the award of the arbitrators must have been based upon the surrender by De Spain of the premises before the expiration of his three-year lease.

The only matter submitted to the arbitrators in this respect was whether or not De Spain had forfeited said lease. No authority was given to said arbitrators to terminate it otherwise. If De Spain had not forfeited, it remained a valid binding contract with which the arbitrators had no further concern. They expressly found that De Spain had complied with all the terms of said lease; and then undertook to oust him from the premises of their own accord at a future date, a matter not submitted to them in the arbitration agreement, and which they had no authority to determine. Their finding and award in that respect is therefore void, unless it can be ignored and the award of money damages sustained, as held in Fortune v. Killebrew, supra. However, these two findings cannot be separated. It is obvious, we think, that much of the money award against Evans was made as a part of, and dependent upon, the surrender by De Spain of the premises on December 15, 1929, instead of his retaining same until the expiration of his three-year lease. Neither, therefore, can stand independent of the other, and, because a part thereof is void, the entire award should have been set aside by the district court.

■ Nor can the appellant segregate on this appeal the matter of the termination of the lease in his favor from the matter of the money judgment against him, and appeal only as to the latter. The judgment is clearly indivisible; and the appeal necessarily calls in issue the controversy in its entirety. His appeal must be from the judgment in its entirety. He cannot claim its benefits and disclaim its burdens, when clearly without the burdens imposed the benefits he claims would not have been awarded to him.

The judgment of the trial court sustaining the award of the arbitrators is reversed, and the cause remanded, with instructions to the trial court to proceed with the trial of the case as if no award had been made.

Reversed and remanded, with instructions.

### On Motion for Rehearing.

In his motion for rehearing, appellant insists that the case be reversed and rendered, instead of being remanded with instructions. We have concluded, upon further investigation, that appellant is correct.

■■ The only issue before the trial court was whether or not the award of the arbitrators should be set aside or entered as the judgment of the court. The trial court had no authority to alter or amend that award, nor to reopen the same on its merits. The only jurisdiction, if the award were valid, under article 231, R. S. 1925, was to enter same as the judgment of the court; and in that respect his acts are purely ministerial. Having concluded that the award as made was void and should be set aside, the parties are relegated to their rights under their contracts. Mottier v. Nilson (Tex. Civ. App.) 22 S.W.(2d) 325; 5 C. J. 167, 204.

This court should render the judgment which should have been entered by the trial court. Judgment of the trial court is, therefore, reversed, and judgment here rendered setting aside the award of the arbitrators entered as the judgment of that court, without prejudice, however, to any rights of either party arising under their contract.

Motion granted, judgment of trial court reversed, and judgment rendered.