Opinion issued May 6, 2010.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00238-CV

———————————

New Medical Horizons II, Ltd. d/b/a Cypress Fairbanks Medical Center, Appellant

V.

Robert L.
Jacobson, M.D.,
Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2008-18473

 



 

O P I N I O N

          Appellant,
New Medical Horizons II, Ltd., d/b/a Cypress Fairbanks Medical Center (“the
Hospital”), appeals from an interlocutory order denying its motion for summary
judgment that requested, in part, confirmation of an arbitration award.  We determine (1) whether we have jurisdiction
over this appeal and, if so, (2) whether the trial court erred in denying
confirmation of the arbitration award. 
Answering both questions in the affirmative, we reverse the
interlocutory summary-judgment order to the extent that it denied confirmation
of the arbitration award, and we remand the case with instructions.

BACKGROUND

          Appellee,
Robert L. Jacobson, M.D., was a physician specializing in maternal fetal
medicine.  Newborn Intensive Care
Specialist, P.A. (“NICS”) wished for Jacobson to join its practice in the Hospital’s
service area.  Although NICS hired
Jacobson, neither party could finance the desired practice.

          In
March 2005, Jacobson, NICS, and the Hospital entered into an agreement (the
“Relocation Agreement”).  Under the
Relocation Agreement, Jacobson agreed to practice full time in the Hospital’s
service area for four years.  The
Hospital financed the establishment of the new practice through a line-of-credit
note (“the Note”) in the amount of $589,300. 
The Note provided that if NICS or Jacobson breached the Relocation
Agreement and did not cure the breach within 60 days, the Hospital could
terminate the contract and require repayment of the Note.  The Relocation Agreement allowed either NICS
or Jacobson to seek arbitration to determine allocation of fault between them
if the Hospital terminated the agreement for specified reasons, with that
allocation binding the Hospital for collection on the Note.  The arbitration clause provided:

          Any dispute or controversy arising under, out of or in
connection with, or in relation to this Agreement, or any amendment hereof, or
the breach hereof, except actions brought
by Hospital . . . to enforce the Line of Credit Note, shall be determined
and settled by arbitration in Harris County, Texas, in accordance with the
American Health Lawyers Association Alternative Dispute Resolution Service
Rules of Procedure for Arbitration, applying the laws of the State. . . .

 

(Emphasis added.)

          Although
the Relocation Agreement had a term of four years, the employment agreement
between NICS and Jacobson had only a two-year term.  NICS and Jacobson failed to renew the
employment agreement when it expired, with each party blaming the other for the
failure, and Jacobson ceased practicing in the Hospital’s service area.  The Hospital terminated the Relocation
Agreement in May 2007 and demanded that NICS and Jacobson repay the Note.

          Invoking
the Relocation Agreement’s terms, NICS instigated an arbitration proceeding against
both Jacobson and the Hospital to determine breach and allocation of fault
between NICS and Jacobson.  The Hospital
answered and asserted its own claims for affirmative relief, seeking declaration
of 11 matters and attorney’s fees under the Texas Declaratory Judgment Act.[1]  Jacobson moved the arbitrator to dismiss each
of these requests for declaratory relief, either on the basis that the
Relocation Agreement excluded them because they related to enforcement of the
Note or because the Hospital lacked standing to assert them.  The arbitrator dismissed only three requests,
for which it determined that the Hospital lacked standing, and denied
Jacobson’s request to dismiss the remaining declaratory requests.  Jacobson continued to object to the ruling
allowing the Hospital’s pursuit of its remaining requests for declaratory
relief, arguing that the arbitrator lacked jurisdiction under the Relocation
Agreement to decide them.  

          On
December 17, 2007, the arbitrator rendered his award.  He found that Jacobson had breached the
Relocation Agreement and allocated fault for that breach 80% to Jacobson and
20% to NICS.  The award further recited
that “[a]fter considering Dr. Jacobson’s Motion to Dismiss and the Hospital’s
opposition, the Arbitrator determined that the Hospital’s requests for
declaratory relief did not seek enforcement of the Note and the Motion to
Dismiss was not granted.  An additional action would be required to
enforce the Note.”  (Emphasis
added.)  The arbitrator then rendered the
following declarations:

a.       Monthly installments falling due under
the Note after January 31, 2007 are not required to be forgiven pursuant to the
Relocation Agreement . . . .

 

b.       The principal amount of the Note that was
due as of February 1, 2007 (i) was $191,030.08, (ii) bears interest from
February 1, 2007 through May 1, 2007 at the rate of 7.5% per annum and from May
2, 2007 until paid at the rate of 10.25% per annum.

 

c.       The Hospital gave proper written notice
of Dr. Jacobson’s breach of the Relocation Agreement and properly allowed 60
days to cure the breach.

 

d.       [The] Hospital properly terminated the
Relocation Agreement by written notice on May 2, 2007.

 

e.       All outstanding principal and accrued
interest under the Note became fully due and payable on June 1, 2007.

 

f.       [The] Hospital is entitled to recover
under the Note the principal sum of $191,030.08, together with interest accrued
at 7.5% per annum from February 1, 2007 through May 1, 2007 in the amount of
$3,532.50, interest accrued at 10.25% per annum from May 2, 2007 through
October 29, 2007 in the amount of $9,798.84 and, for so long as none of said
principal is paid, interest accruing thereafter at $53.64 per day or $53.49 in
a leap year.

 

.
. .

          

          In
March 2008, the Hospital filed suit against Jacobson.  The Hospital asserted (1) an application for
confirmation of the arbitration award and (2) a claim for breach of, and to
enforce, the Note.  The Hospital sought
to confirm the award under the Texas General Arbitration Act (“TGAA”).[2]  

          Jacobson
never filed a motion to vacate or to modify the arbitration award, but on May
20, 2008, he filed his answer, alleging as one of several affirmative defenses
that “[the hospital’s] claims are barred, in whole or in part, because the
Arbitrator lacked jurisdiction to hear [its] claims, enter [sic] the Final
Arbitration Award.  Alternatively, the
award entered in favor of [the Hospital] exceeds the scope of the Arbitrator’s
limited jurisdiction under applicable law including, without limitation,
Section 6.06 of the American Health [Lawyers] Association Alternative Dispute
Resolution Service Rules of Procedure for Arbitration.”[3]  In response, the Hospital filed an “answer”
to Jacobson’s answer to address his affirmative defenses, alleging in part the
“affirmative defense” that the 90-day limitations period to assert a motion to
vacate or to modify the arbitration award under the TGAA had expired.

          The
Hospital then moved for traditional summary judgment (1) to confirm the
arbitration award and, based in large part on the confirmed award’s
declarations, (2) to render a judgment on its claim to enforce the Note.  The summary-judgment motion also sought to
disprove as a matter of law all of Jacobson’s affirmative defenses.  In this last regard, the Hospital attacked
the affirmative defense that the arbitrator lacked jurisdiction to render the
relevant portions of the award because the TGAA’s 90-day limitations period for
vacating or modifying an award had already expired without a challenge being
filed.  The Hospital also contended that
Jacobson’s remaining affirmative defenses to its suit to enforce the Note were
all barred by res judicata because they had been, or could have been,
considered by the arbitrator.  

          In
his response to the Hospital’s summary-judgment motion, Jacobson asserted that
he “does not oppose confirmation of the Award,” but argued that “the court’s
confirmation of the award is not, as [the Hospital contends], dispositive of
[its] claim to enforce the note.”  In
this regard, Jacobson asserted:

          Indeed, without question, the Award, to the extent it
touches at all upon the Hospital’s claim for enforcement of the note or the
defenses thereto asserted by [Jacobson], was not entered by a court of
competent jurisdiction.  The arbitration
provision . . . expressly excludes suits to enforce the Note.  The arbitrator ultimately concluded that,
although he was partially granting the declaratory relief the Hospital sought,
it was expressly based on the premise that the relief did not touch upon the
Hospital’s claim to enforce the note.  To
be sure, the arbitrator made it clear that “an additional action would be
required to enforce the Note.”

 

          Likewise, given the fact the arbitrator expressly lacked
jurisdiction to grant any relief with respect to the Hospital’s claim to
enforce the Note, [Jacobson] did not raise, nor could [he] have raised, any
defenses to the Note [at arbitration].

 

He thus contended that his affirmative defenses were
not barred by res judicata.  

          At
the summary-judgment hearing, the trial court requested that the parties submit
further briefing on whether a challenge that the arbitrator exceeded his
jurisdiction was waived if not asserted within the 90-day timeframe of TGAA
section 171.088.  The Hospital’s responsive
briefing again argued that Jacobson had waived any argument that the arbitrator
exceeded his jurisdiction for having failed to assert it in the 90-day window.  Alternatively, the Hospital contended that
the arbitrator had not exceeded his jurisdiction.  In his responsive briefing, Jacobson again
contended that “given the fact the arbitrator expressly lacked jurisdiction to
grant any relief with respect [to] the Hospital’s claim to enforce the Note,
[he] did not raise, nor could [he] have raised, any defenses to the Note  [at arbitration],” so that res judicata did
not bar his affirmative defenses to the Note’s enforcement.  He further contended:

          Here, the arbitrator’s findings and award which exceeded
the allocation of fault for breach of the Relocation Agreement, the only issue
properly before the Arbitrator, are merely surplusage.  Specifically, the Arbitrator’s Award, as it
pertains to the Hospital’s claim to enforce the Note, is mere surplusage
unnecessary to the only issue properly before the Arbitrator.  Thus,
the court may, if requested, confirm the Award, but only to the extent
necessary to give effect to those matters properly before and decided by the
Arbitrator, the allocation of fault between Dr. Jacobson and NICS for
breach of the Relocation Agreement.  In fact, this is the very reason Dr.
Jacobson did not move to vacate the Award under Section 171.088 . . . and did
not oppose confirmation of the Award provided. 
As the court acknowledged at the prior hearing, such confirmation
does not extend to matters, issues or parties over which the arbitrator clearly
had no jurisdiction.  Accordingly, Dr. Jacobson opposes confirmation of the Award on all
matters over which the Arbitrator lacks jurisdiction, particularly the
findings of the Arbitrator related to the Note, based upon the Arbitrator’s
admitted lack of jurisdiction.

 

(Emphasis
added.)

          The
trial court denied the summary-judgment motion. 
The Hospital appeals.

 

JURISDICTION OVER APPEAL

          In
his appellee’s brief, Jacobson contends that we lack subject-matter
jurisdiction over the Hospital’s appeal because the order is not one confirming
or denying confirmation of an arbitration award.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(3) (Vernon 2005).  Rather, he argues, the order is one denying
“the Hospital’s motion for summary judgment on its breach of contract claim (or
claim enforcing the Note)” and “[n]o statute authorizes the appeal from such an
interlocutory order denying a motion for summary judgment on a breach of
contract claim . . . .”  

           “The [TGAA] specifically provides that an
application under [it] is heard in the same manner and on the same notice as a
motion in a civil case.”  Crossmark, Inc. v. Hazar, 124 S.W.3d 422,
430 (Tex. App.—Dallas 2004, pet. denied); see
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.093 (Vernon 2005).  “Thus, applications to confirm or vacate an
arbitration award should be decided as other motions in civil cases; on notice
and an evidentiary hearing if necessary.” 
Hazar, 124 S.W.3d at 430.  “Summary judgment motions are not required
for the trial court to confirm, modify, or vacate an arbitration award.”  Id.  “However, if a party chooses to follow
summary judgment procedure rather than the simple motion procedure authorized
by the [TGAA], it assumes the traditional burdens and requirements of summary
judgment practice.”  Id.  This is what the
Hospital did: it moved for summary judgment on the independent ground
requesting that the court confirm the award. 
That the Hospital also sought judgment on its suit to enforce the note
in that same motion is irrelevant.

          The
trial court’s order denying summary judgment did not specify grounds, but the
court denied the Hospital’s request for confirmation of the award when it
denied the summary-judgment motion requesting that relief.  A separate order stating that the application
to confirm was denied was not required.  We
thus have subject-matter jurisdiction over the Hospital’s appeal from that
portion of the order that denied summary judgment on the request to confirm the
arbitration award under the TGAA.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(3).

CONFIRMATION OF ARBITRATION AWARD

          In
its sole issue, the Hospital argues that the trial court erred in denying its
request for confirmation because Jacobson did not file a timely motion to
vacate, to modify, or to correct the award under the TGAA.  Alternatively, the Hospital argues that the
arbitrator did not exceed his powers. 
Jacobson contests both challenges. 
We need decide only the first.

A.      The Law

          The arbitration
agreement specifically provided that arbitration would be conducted “applying
the law of the State,” and the Hospital moved for confirmation under the
TGAA.  “The standard of review applicable
to a judgment confirming an award under the [TGAA] is affected by the nature of
the proceedings utilized by the trial court.” 
Hazar, 124 S.W.3d at 430.  We thus review the trial court’s denial of
the Hospital’s summary-judgment ground requesting confirmation of the award under
the usual standard of review for motions asserted under Texas Rule of Civil
Procedure 166a(c).  See id. (doing same, when reviewing summary-judgment order
confirming arbitration award); see also Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985) (setting out summary-judgment
standards of review).  

          “We
begin by examining the statutory language.” 
Hamm v. Millennium Income Fund,
L.L.C., 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied) (construing TGAA’s provisions concerning confirming and vacating
arbitration awards).  TGAA section
171.087, entitled “Confirmation of Award,” provides that “[u]nless grounds are
offered for vacating, modifying, or correcting an award under Section 171.088
or 171.091, the court, on application of a party, shall confirm the award.”  Tex. Civ. Prac. & Rem. Code Ann. §
171.087 (Vernon 2005) (emphasis added).  
Under this section, “confirmation is the default result unless a
challenge to the award has been or is being considered.”  Hamm,
178 S.W.3d at 262.  

          One
such challenge under the TGAA to an arbitration award is a request to vacate it,
which is controlled by section 171.088:

(a)     On application of a party, the court shall vacate an award if:

 

. . . 

 

          (3)     the
arbitrators:

 

                   (A)    exceeded their powers;

 

. . .

 

 

(b)     A party must make an
application under this section not later than the 90th day after the date of delivery
of a copy of the award to the applicant. . . .

 

(c)      If the application to vacate is denied and a motion to modify
or correct the award is not pending, the court shall confirm the award.

 

Tex. Civ. Prac. & Rem. Code
Ann. § 171.088 (Vernon 2005) (emphasis added).  TGAA section 171.091, also referenced in
section 171.088 and providing for judicial modification or correction of an
award, contains the same 90-day provision for applications alleging that “the
arbitrators have made an award with respect to a matter not submitted to them .
. . .”  Id. § 171.091(a)(2), (b), (c) (Vernon 2005).  The plain language of section 171.088, like
that in section 171.091, shows that “the legislature intended the 90-day period
. . . to be a limitations period after which a party cannot ask a court to
vacate an arbitration award.”  Louisiana Natural Gas Pipeline, Inc. v.
Bludworth Bond Shipyard, Inc., 875 S.W.2d 458, 462 (Tex. App.—Houston [1st
Dist.] 1994, writ denied) (concluding same with respect to predecessor to
section 171.088).

          “Subjecting
arbitration awards to judicial review adds expense and delay, thereby
diminishing the benefits of arbitration as an efficient, economical system for
resolving disputes.”  CVN Group, Inc. v. Delgado, 95 S.W.3d
234, 238 (Tex. 2002).  “Accordingly, we
have long held that ‘an award of arbitrators upon matters submitted to them is
given the same effect as the judgment of a court of last resort. All reasonable
presumptions are indulged in favor of the award, and none against it.’”  Id.
(quoting City of San Antonio v. McKenzie
Constr. Co., 136 Tex. 315, 326, 150 S.W.2d 989, 996 (1941)).  Also for this reason, “[o]ur review of an
arbitration award is extremely narrow.”  IPCO-G.&C. Joint Venture v. A.B. Chance Co.,
65 S.W.3d 252, 256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  “In the absence of a statutory or common law
ground to vacate or modify an arbitration award, a reviewing court lacks
jurisdiction to review other complaints . . . .”  Id.

B.      Discussion

          To
support its request for confirmation, the Hospital produced a copy of the
Relocation Agreement containing the arbitration clause and a copy of the
arbitrator’s written award, which set out the issues that the arbitrator
considered.  Accordingly, the Hospital’s
summary-judgment evidence entitled it to confirmation of the award unless
Jacobson’s jurisdictional challenges precluded confirmation of some or all of it.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.087. 


          The Hospital
produced evidence that Jacobson received the arbitrator’s award on December 18,
2007—more than 90 days before Jacobson first raised his jurisdictional
affirmative defense.  Jacobson’s summary-judgment
response did not deny that he had not challenged the award within the 90-day
period—indeed, he admitted that he had not filed any application under the TGAA
to vacate the award—but instead contended that the trial court could not
confirm those portions of the award rendered outside the arbitrator’s
jurisdiction because they were void.

          Jacobson’s
jurisdictional challenge was based on the argument that the arbitrator had exceeded
his jurisdiction by rendering declarations that the arbitration agreement did
not allow.  We assume without deciding
that the arbitrator acted outside his jurisdiction for this reason.  We further assume without deciding that the
jurisdictional challenges to the award in Jacobson’s answer and
summary-judgment response were the equivalent of applications under the TGAA to
vacate or to modify the award for the stated reason.  See Blumberg
v. Bergh, No. 2-04-138-CV, 2005 WL 1047592, at *3  (Tex. App.—Fort Worth May 5, 2005, no pet.)
(memo. op.) (considering that grounds for vacating arbitration award were
asserted in original answer, rather than in separate motion).

          A challenge that the arbitrator exceeded
the “power” or “authority” granted him under the arbitration agreement is
normally a challenge to the arbitrator’s jurisdiction.  Cf.,
e.g., Myer v. Americo Life, Inc.,
232 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.) (under Federal Arbitration Act, “An arbitrator’s jurisdiction is
defined by the contract containing the arbitration clause and by the issues
actually submitted to arbitration.”); cf.
also Withers v. Patterson, 27 Tex. 491, 496 (1864) (“The jurisdiction of
the court means the power or authority which is conferred upon a
court, by the constitution and laws, to hear and determine causes between
parties, and to carry its judgments into effect.”) (emphasis added).  In TGAA section 171.088, the Legislature clearly
allows a party to assert a jurisdictional challenge based on an arbitrator’s
exceeding his authority, but it just as clearly requires that any such
challenge be raised not later than 90 days from delivery of the award, or the award
must be confirmed.  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 171.087,
171.088(a)(3)(A), (b); see also id.  § 171.091(a)(2), (b) (same, concerning judicial modification or correction
of award); Pheng Invs., Inc. v. Rodriquez,
196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.) (equating arbitrator’s
deciding issues outside scope of arbitration agreement with his exceeding his
authority under TGAA section 171.088(a)(3)(A)); see also Graham-Rutledge & Co. v. Nadia Corp., 281 S.W.3d 683,
690-91 (Tex. App.—Dallas 2009, no pet.) (considering challenge under TGAA section
171.088 that arbitrator exceeded her powers granted in arbitration agreement by
adjudicating claims not within scope of agreement).  The Legislature not only made no exception to
the 90-day deadline for jurisdictional complaints, but specifically indicated
that such complaints would be subject to that deadline by expressly listing
among those bases to which the deadline applied one encompassing challenges to the
arbitrator’s jurisdiction.  The statute is
not ambiguous in this regard.

          Jacobson
nonetheless contends that the trial court could not confirm those portions of
the award exceeding the arbitrator’s jurisdiction because those portions are
void, and void awards (like void judgments) may be challenged at any time.  He relies on case law holding that “the
authority of arbitrators is derived from the arbitration agreement and is
limited to a decision of the matters submitted therein either expressly or by
necessary implication” and that, when an arbitrator decides matters that the
agreement does not allow, he exceeds his jurisdiction, so that any award
rendered thereon is void.  E.g.,
Gulf Oil Corp. v. Guidry, 160 Tex. 139, 143, 327 S.W.2d 406, 408 (1959).

          No Texas
court has addressed Jacobson’s specific argument, but this Court and others in
Texas have applied the TGAA’s limitations bar to assertions that the arbitrators
exceeded their authority.[4]  Other Texas courts have held likewise under
the similarly worded provisions of the Federal Arbitration Act (“FAA”).[5]  And courts outside Texas, when considering
the provisions of various arbitration statutes that materially resemble those
of the TGAA, have expressly rejected the arguments that Jacobson raises here.[6]  The holding of these last courts is based not
only on the statutes’ plain language, but also on the policy behind the limited
review of arbitration awards.[7]  In Texas, since arbitration is favored,
judicial review of arbitral awards is extremely narrow precisely because it
“adds expense and delay, thereby diminishing the benefits of arbitration as an
efficient, economical system for resolving disputes.”  Delgado,
95 S.W.3d at 238; Hazar, 124 S.W.3d
429.  The interpretation proposed by
Jacobson undermines that policy, while that proposed by the Hospital promotes
it.  We distinguish the cases on which
Jacobson relies because (1) none was decided under the TGAA and (2) the timing
of the jurisdictional challenge to the award was not at issue.[8]

          We
hold that because Jacobson did not timely challenge the arbitration award on
the basis that the arbitrator acted outside his jurisdiction, he could not
assert this ground as a bar to any portion of the award’s confirmation.  We thus further hold that the trial court
erred in denying the Hospital’s summary-judgment motion to the extent that it
sought confirmation of that award.

          We
sustain the Hospital’s sole issue. [9]

CONCLUSION

          We
reverse the summary-judgment order, but only to the extent that it denied
confirmation of the arbitration award. 
We remand the case with instructions for the trial court to grant the
Hospital’s summary-judgment motion to the extent that the Hospital sought
confirmation of the arbitration award, and we further instruct the trial court
to render an order confirming the award. 
To the extent that the summary-judgment order denied relief on any other
basis, the order remains intact.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]
          See Tex.
Civ. Prac. & Rem. Code Ann. §§
37.001-.011 (Vernon 2008).





[2]
              See Tex. Civ. Prac. & Rem. Code
Ann. §§
171.001-.098 (Vernon 2005).

 





[3]
          Rule
6.06, entitled “Scope of Award,” provides, among other things, that “[t]he
arbitrator may grant any remedy or relief that the arbitrator deems just and
equitable and within the scope of the arbitration agreement of the parties,
including, but not limited to, specific performance of a contract.”  American Health Lawyers Association
Alternative Dispute Resolution Service, Rules of Procedure for Arbitration, pp.
A-15 to A-16 (revised June 2009) http://publish.healthlawyers.org/Resources/ADR/Code%20of%20Ethic%20and%20Rules%20of%20Procedures1/ADR%20Rules%20of%20Procedure%20for%20Arbitration%20-%20Revised%20June%202009.pdf (last visited April 30, 2010).





[4]
          See Slay
v. Nationstar Mortgage, L.L.C., No. 2-09-052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25,
2010, no pet.) (memo. op.) (holding, under either TGAA or Federal Arbitration
Act, that challenges including that arbitrator exceeded his authority were
waived for their not having been asserted within statutory limitations period);
Blumberg v. Bergh, No. 2-04-138-CV, 2005
WL 1047592, at *3 & n.21 (Tex. App.—Fort Worth May 5, 2005, no pet.) (memo.
op.) (concluding that grounds for vacating award were waived when raised only
in answer filed after 90-day period, including challenge that arbitrators had mistakenly
exceeded their authority to arbitrate); Louisiana
Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc., 875 S.W.2d
458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding that trial
court did not err in rendering summary judgment confirming amended arbitration
award because appellant had not moved to vacate award within 90-day period,
when one of appellant’s challenges was that summary judgment should not have
been rendered on amended award because “there [were] fact issues regarding
whether the arbitration panel had authority to amend the award”).  

 





[5]
          See
Slay, 2010 WL 670095, at *3
(holding, under either TGAA or FAA, that challenges including that arbitrator
exceeded his authority were waived for their not having been asserted within
statutory limitations period); Brust v.
MBNA Am. Bank, N.A., No. 2-04-294-CV, 2005 WL 1047583, at *1 & n.6
(Tex. App.—Fort Worth May 5, 2005, pet. granted, case dism’d) (memo. op.)
(concluding that challenges seeking vacatur of award under FAA were
time-barred, including one that arbitrator had “exceed[ed] the express limits
of his contractual mandate”); see also  9
U.S.C.S. §§ 10(a)(4), 11(b), 12 (LexisNexis 2008).

 





[6]
          See DeLorto
v. United Parcel Serv., Inc., 401 F. Supp. 408, 409 (D. Mass. 1975); Schroud v. Van C. Argiris & Co., 78
Ill. App. 3d 1092, 1095-96, 398 N.E.2d 103, 105-06 (Ill. App. Ct. 1979); Local 589, Amalgamated Transit Union v.
Mass. Bay Transp. Auth., 397 Mass. 426, 430-32, 491 N.E.2d 1053, 1056-57
(Mass. 1986); Springfield Teachers Ass’n
v. Springfield Sch. Dirs., 167 Vt. 180, 189-90, 705 A.2d 541, 547 (Vt.
1997); see also Posadas de Puerto Rico
Assocs., Inc. v. Asociacion de Empleados de Casino de Puerto Rico, 648 F.
Supp. 879, 883-84 (D. Puerto Rico 1986),
aff’d on other grounds, 821 F.2d 60 (1st Cir. 1987).

 





[7]
          See Local
589, Amalgamated Transit Union, 397 Mass. at 431, 491 N.E.2d at 1056-57 (“The
statutory language is unambiguous. We decline to create an exception through
judicial decision. . . . The purpose of the thirty-day period . . . is clear.  Parties are allowed only a short period of
time to move courts to vacate an award in order to accord the arbitration award
finality with reasonable promptness. . . . To adopt an exception to [the
statutory timeliness requirement] . . . would defeat the important policy goals
. . . by creating ‘an exception capable of swallowing the rule.’”) (internal
citations omitted); Springfield Teachers
Assoc., 167 Vt. at 190, 705 A.2d at 547 (“Many of the challenges to an
arbitration award can be characterized as jurisdictional.  The usefulness of arbitration is undermined
if issues can be withheld from the arbitrator and raised for the first time in
court long after the arbitration is over. 
These considerations reinforce our construction of the statute to
require that jurisdictional challenges be raised within the statutory time
limit for a motion to vacate.”).  

 





[8]
          See Gulf
Oil Corp. v. Guidry, 160
Tex. 139, 142-43, 327 S.W.2d 406, 408-09 (1959); Fortune v. Killebrew, 86 Tex. 172, 176-78, 23 S.W. 976, 977-78 (1893);
Hooker v. Williamson, 60 Tex. 524
(1883); City of Beaumont v. Int’l Ass’n
of Firefighters, Local Union No. 399, 241 S.W.3d 208, 214-15, 217 (Tex.
App.—Beaumont 2007, no pet.); Peacock v.
Wave Tec Pools, Inc., 107 S.W.3d 631, 639 (Tex. App.—Waco 2003, no pet.).

 





[9]
          In
his brief, Jacobson also contends that (1) “to the extent that the Award
reflects an adjudication of the Hospital’s claim for breach of the Note . . .
such adjudication is void and cannot serve as a basis for summary disposition
of” the  merits of the claim to enforce
the Note, i.e., even if the award
must be confirmed, any void portions are of no effect, and (2) res judicata
does not bar his other affirmative defenses for various reasons.  We cannot consider these arguments because they
concern the merits of the suit on the Note and we have no jurisdiction in this
interlocutory appeal to review the denial of the summary-judgment motion on that
claim.  See, e.g., Tex. Mun. Power
Agency v. Pub. Util. Comm’n of Tex., 253 S.W.3d 184, 192 (Tex. 2007)
(noting that denial of summary judgment motion is normally unappealable); W. Dow Hamm III Corp. v. Millennium Income
Fund, L.L.C., 237 S.W.3d 745, 751 (Tex. App.—Houston [1st Dist.] 2007,
orig. proceeding & no pet.) (mandamus and interlocutory appeal) (“We are
strictly to construe the legislative bases for allowing interlocutory appeals,
given that interlocutory appeals are in derogation of the general rule that
only final judgments are appealable.”).