**Reverse and Remand and Opinion Filed August 7, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-00997-CV

**AMERICAN MODERN HOME INSURANCE COMPANY, Appellant**

**V.**

**ALLSTATE INSURANCE COMPANY, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-09181-C**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Lewis
Opinion by Justice Bridges

Appellant American Modern Home Insurance Company ("American Home") appeals from the trial court's confirmation of an arbitration award in favor of appellee Allstate Insurance Company ("Allstate"). In three issues, American Home contends the trial court erred, because: (1) it lacked subject matter jurisdiction to enter judgment on a voided arbitration award; (2) it substituted its own judgment for that of the arbitrator; and (3) it deprived American Home of the right that an arbitrator's decision stand. We reverse and remand.

## Background

American Home and Allstate are providers of casualty insurance and are both signatories to Arbitration Forums, Inc.'s ("AFI") property subrogation arbitration agreement ("Agreement"). The Agreement binds signatory companies to "forego litigation and in place thereof submit to

arbitration any questions or disputes which may arise from: (a) any fire subrogation or property damage claim not in excess of $100,000. . . ."

Allstate submitted contentions to AFI with regard to a renter's insurance policy it issued to Vercindy Taylor. According to the contentions, American Home provided insurance coverage to Taylor's neighbor, Josephine Price. Price was alleged to have fallen asleep with the stove on and, on April 27, 2009, a fire damaged Taylor and Price's apartments, along with other apartments in the vicinity. Pursuant to its policy, Allstate paid $18,480.05 to Taylor and assumed her rights of subrogation. On October 8, 2009, Allstate submitted its subrogation claim to American Home. American Home responded on May 1, 2010, noting it "is still attempting to identify all parties to this loss and their respective damages. This is to advise you of the extension needed to handle your claim thoroughly."

On October 11, 2010, Allstate's counsel submitted a "property-form application" for arbitration to AFI. American Home did not respond before the matter was heard and, on November 2, 2010, the arbitrator published an award in Allstate's favor in the amount of $18,761.45.

Citing Rule 3-9 of AFI's arbitration rules, American Home made its post-hearing appeal. Rule 3-9 provides, in pertinent part, as follows:

> A responding company may assert no coverage, a denial of coverage, or a policy limits defense in writing to AF up to 60 days from the publication of the decision if the
> > a) filing company made its filing at least 120 days before the statute of limitations expires; and
> >
> > b) responding company pleads it defense at least 60 days before the statute of limitations expires. . . .

In its appeal to AFI, American Home asserted the arbitration was not compulsory because the policy at issue had a $100,000 limit, and the loss at issue involved multiple claimants with total

damages in excess of the policy limits. Specifically, American Home noted its investigation identified eight parties who had sustained damages totaling $604,770.21. American Home also asserted it was still in the process of identifying all potential claimants and obtaining damage supports when Allstate filed inter-company arbitration. American Home further stated, "the parties to this loss include non-signatory/unrepresented individuals as well as insurance carriers presenting property damage subrogation claims" and their interests were not considered as a part of the arbitration proceeding initiated by Allstate.

Although American Home acknowledged Allstate's award of $18,761.45 did not exceed its insured's policy limit, it noted the total damages incurred by all parties do. Because there had been no legal determination as to its insured's culpability, American Home argued in its appeal to AFI that an enforcement of an award of damages for one party "could expose one of the responding members beyond its policy's dollar limit." Therefore, American Home requested the award be vacated.

On December 10, 2010, Allstate filed its application to confirm arbitration award with the trial court. Ten days later, AFI voided the award, noting "the policy limit issue involves non-named parties in this arbitration filing" and AFI did "not have jurisdiction to enforce this award."

Allstate filed its first amended application to confirm arbitration award on January 11, 2011. In its answer to the application, filed subject to its motion to abate and/or dismiss, American Home notified the trial court that the referenced arbitration award had been "voided and is of no legal force and effect." Concurrent with its answer, American Home also filed its motion to abate and/or dismiss, again noting the arbitration award had been voided.

On June 3, 2011, Allstate filed its second amended application to confirm arbitration award and stated, AFI "did not have authority to void the award, because [American Home]

either negligently or intentionally misrepresented the facts to [AFI] in order to obtain the desired outcome and to not honor the arbitration award. The misrepresentation has to do with the fact that Allstate's arbitration award never exceeded the applicable policy limits."

The trial court heard Allstate's application to confirm arbitration award on July 1, 2011. Following the hearing, the trial court confirmed the award and entered a final judgment in favor of Allstate.

**Analysis**

In its first issue, American Home contends the trial court erred, because it lacked subject matter jurisdiction to enter judgment on a voided arbitration award. A party may appeal a judgment confirming an arbitration award. TEX. CIV. PRAC. & REM. CODE ANN. §171.098(a)(3). We review de novo a trial court's decision to confirm or vacate an arbitration award, considering the entire record. *White v. Siemens,* 369 S.W.3d 911, 914 (Tex. App.—Dallas 2012, no pet.); *Amoco D.T. Co. v. Occidental Petroleum Corp.,* 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Texas law clearly favors arbitration, and, as a result, judicial review is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline,* 307 S.W.3d 267, 271 (Tex. 2010).

Section 171.087 provides the basis for confirming an arbitration award:

Unless grounds are offered for vacating, modifying, or correcting an award. . . the court, on application of a party, shall confirm the award.

TEX. CIV. PRAC. & REM. CODE ANN. §171.087. Necessarily embedded in the trial court's ability to confirm an award is the presence of an award itself.

Here, however, the arbitrator had voided the arbitration award prior to its confirmation. Further, during the hearing on its application to confirm arbitration award, Allstate failed to present evidence to the trial court that demonstrated why the void judgment should be

–4–

overturned.[1]  Because the arbitration award was void, we conclude the trial court had no jurisdiction to enforce it.  *See Fortune v. Killebrew*, 23 S.W. 976, 978 (Tex. 1893); *Sun v. Al's Formal Wear of Houston, Inc.*, No. 14-96-01516-CV; 1998 WL 726479, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for publication).  We sustain American Home's first issue.  *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (stating a judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.)

Because American Home's first issue is dispositive of this appeal, we need not reach its other issues. We, therefore, reverse the judgment of the trial court and remand this case with instructions to dismiss Allstate's application for lack of jurisdiction.

110997F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[1] In its second amended application to confirm arbitration award, Allstate argues American Home "negligently or intentionally misrepresented" the facts to AFI.  At oral argument before this Court, Allstate contended the twelve exhibits attached to this application provided the trial court with evidence.  However, our review of these exhibits and the hearing on Allstate's application to confirm the arbitration award reveals no evidence was presented to the trial court, demonstrating American Home's alleged misrepresentation to AFI.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMERICAN MODERN HOME
INSURANCE COMPANY, Appellant

No. 05-11-00997-CV      V.

ALLSTATE INSURANCE COMPANY,
Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-10-09181-C.
Opinion delivered by Justice Bridges.
Justices O'Neill and Lewis participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and the case is **REMANDED** with instructions to dismiss Allstate's application for lack of jurisdiction.

      It is **ORDERED** that appellant AMERICAN MODERN HOME INSURANCE COMPANY recover its costs of this appeal from appellee ALLSTATE INSURANCE COMPANY.

Judgment entered August 7, 2013

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE